## ELIZABETH HAZZARD v. R. H. MORRISON.

### No. 2194. Decided January 21, 1912.

**1.—Vendor and Purchaser—Sale—Specific Preformance—Contract—Mutuality.**

A contract by a land agent for sale of adjoining lots of different proprietors, he being without authority to sell for one of the vendors (the executor of an estate) is not void, as between the other proprietor and the purchaser for want of mutuality, if the latter, unable to compel specific performance as to both lots, elects to enforce it against the former as to the land such proprietor owned and authorized the agent to sell. (Pp. 593, 594.)

**2.—Same—Case Stated.**

A land agent made sale of city lots with a frontage of 100 feet, one lot, the corner one, being 25 by 90 feet, and owned by an estate administered by an executor, the rest, 75 by 90 feet, by another person who united with the executor to authorize such sale as one property. The executor having obtained no authority to sell, the purchaser's suit against both vendors for specific performance failed as to the property of the estate (Morrison v. Hazzard, 99 Texas, 583). The action being further prosecuted to enforce conveyance of the 75 by 90 feet by its owner, the purchaser is held entitled to performance as to this part, on payment of its proportion of the purchase price. The vendee had

the option of demanding partial performance where complete compliance was impossible, whether such vendor's contract be treated as one to sell the entire property, and partly beyond his power to preform, or one to sell merely so much as the vendor owned.   (Pp. 592-594.)

Error from the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Morrison sued Mrs. Hazzard for specific performance of a contract for sale of land, and had judgment.   Defendant appealed, and on affirmance obtained writ of error.

*Etheridge & McCormick, W. H. Clark* and *Leake & Henry,* for plaintiff in error.

In order for a contract to be enforced by a decree for specific performance, it is necessary that the contract should be mutual and binding upon both of the parties as it is sought to be enforced. Bodine v. Glading, 21 Pa. St., 50, 59 Am. Dec., 749; DeCordova v. Smith, 9 Texas, 143; Houston & T. C. Ry. Co. v. Mitchell, 38 Texas, 95; Hissam v. Parrish, 56 Am. St., 892, and note; Marble Co. v. Ripley, 10 Wall., 359; Welty v. Jacobs, 40 L. R. A., 98; Justice v. Lang, 42 N. Y., 493, 1 Am. Rep., 578; United States v. Noe, 23 How., 315; Brashier v. Gratz, 6 Wheat., 539; Cold Blast Transp. Co. v. Kansas City Belt & Nut Co., 57 L. R. A., 696; Watts v. Kinney, 23 Am. Dec., 266; Moore v. Fitz Randolph, 29 Am. Dec., 208-210; Dorsey v. Packwood, 12 How., 126-136; Pittsburg v. Slack, 42 La. Ann., 107; King v. Warfield, 1 Am. St., 384-386; Duval v. Myers, 2 Md. Ch., 405; Campbell v. Lambert, 51 Am. Rep., 1; Vogel v. Pekoc, 157 Ill., 339; Atlee v. Bartholomew, 33 N. W., 110; Pullman P. C. Co. v. Texas & P. Ry. Co., 11 Fed., 629; Shenandoah Valley Ry. Co. v. Dunlop, 86 Va., 346; Corson v. Mulvaney, 88 Am. Dec., 485, 487; Rust v. Conrad, 47 Mich., 449; Sturgis v. Galindo, 59 Cal., 28; Jones v. Williams, 40 S. W., 368; Norris v. Fox, 45 Fed., 406.

The contract was joint, entire and indivisible, and as the estate of F. Lawrence was not bound thereby, because it never executed the same, the assent of the other parties thereto was not given, and hence there existed no contract between the parties capable of being enforced specifically or otherwise.   Cochran v. Blout, 161 U. S., 350; Lumley v. Ravenscroft, L. R., Q. B. D. (1895), 683; Snyder v. Neefus, 53 Barb., 63; Lucas v. Scott, 41 Ohio St., 636; Jackson v. Torrence, 23 Pac. (Cal.), 695; Frazer v. Ford, Admr., 2 Head (Tenn.), 464; Johnson v. Brook, 31 Miss., 17; Fish v. Johnson, 16 La. Ann., 29; McIntire v. Bowden, 61 Me., 153; Barber v. Burrows, 51 Cal., 405; Barber v. Gwynn, 51 Cal., 473; Donner v. Redenbaugh, 16 N. W. (Iowa), 127; Peacock v. Deweese, 73 Ga., 570; Luse v. Dietz, 46 Ia., 205; Mortlock v. Buller, 10 Vesey, Jr., 292; Price v. Griffith, 1 DeG. M. & G., 80; Lawrenson v. Butler, 1 Sch. & Lef. Ch. (Ireland), 18; Knox v. Spratt, 23 Fla., 64; Castle v. Wilkinson, 5 L. R., Ch. App. Cas., 534.

Contract is entire: Blain v. Pacific Express Co., 69 Texas, 74; 7 Am. & Eng. Ency. of Law (2d ed.), p. 95; Wooten v. Walters, 14 S. E. (N. C.), 734; Horseman v. Horseman, 72 Pac. (Ore.), 698;

Porter v. Porter, 72 Pac. (Ore.), 702; Baldwin v. Fletcher, 12 N. W. (Iowa), 873; Shinn v. Bodine, 60 Pa. St., 182; Easton v. Jones, 44 Atl. (Pa.), 264; North Land Co. v. Mayor, etc., 63 Atl. (Md.), 115; Martin v. Schoenberger, 8 Watts & S., 367; Martin v. Fridenberg, 32 Atl. (Pa.), 429; 3 Page on Cont., secs. 1484 and 1485.

Contract failed of completion: 7 Halsbury's Laws of Eng., p. 336; 7 Am. & Eng. Ency. of Law (2d ed.), p. 11; Bannerot v. Davidson, 75 Atl., (Pa.), 417; Hoctor-Johnson Co. v. Billings, 91 N. W. (Neb.), 183; Gaither v. O'Doherty, 12 S. W. (Ky.), 306; Mattoon v. Barnes, 112 Mass., 463; Short v. Keiffer, 43 Ill. App., 415; Griefen v. Hubbard, 112 Ill. App., 16; Peeler v. Levy, 26 N. J. Eq., 330; Stanton v. Singleton, 59 Pac. (Cal.), 146; Jackson v. Torrence, 23 Pac. (Cal.), 695; Snyder v. Neefus, 53 Barb., 63; Johnson v. Brook, 31 Miss., 17; McIntire v. Bowden, 61 Me., 153; Mortlock v. Buller, 10 Vessey, Jr., 292; Donner v. Redenbaugh, 16 N. W. (Iowa), 127; Tewksbury v. O'Connell, 21 Cal., 61; Lucas v. Scott, 41 Ohio St., 640; Lumley v. Ravenscroft, L. R. Q. B. D. (1895), 683; Cochran v. Blout, 161 U. S., 350; Castle v. Wilkinson, 5 L. R. Ch. App., 534.

Contract incomplete and in escrow: 11 Am. & Eng. Ency. of Law (2d ed.), p. 338; Chouteau v. Suydam, 21 N. Y., 179; Shelby v. Tardy, 84 Ala., 327; Whitford v. Laidler, 94 N. Y., 144; Allen v. Marney, 65 Ind., 398; Markland Mining Co. v. Kimmell, 87 Ind., 560; Wendlinger v. Smith, 75 Va., 309; Hicks v. Goode, 12 Leigh (Va.), 479; Hoagland v. Green, 74 N. W. (Neb.), 424; Ward v. Churn, 18 Grat. (Va.), 801; Naylor v. Stene, 104 N. W. (Minn.), 685; Fish v. Johnson, 16 La. Ann., 29; Arthur v. Anderson, 9 S. C., 234; McDaniel v. Anderson, 19 S. C., 211.

Contract delivered to take effect on precedent condition: Ware v. Allen, 128 U. S., 590; Burke v. Dulaney, 153 U. S., 228; Loving v. Dixon, 56 Texas, 75; Wilson v. Powers, 131 Mass., 539; Pym v. Campbell, 6 El. & Bl., 370; Schwab v. Baremore, 104 N. W. (Minn.), 10.

Judgment fundamentally erroneous: Sneed v. Moodie, 24 Texas, 159; Harris v. Petty, 66 Texas, 514; Lumpkin v. Murrell, 46 Texas, 51; Siese v. Malsch, 54 Texas, 355.

Former decision herein no bar to consideration of questions herein presented: Kempner v. Huddleston, 90 Texas, 182; Burns v. Ledbetter, 56 Texas, 282; Railway Co. v. Faber, 77 Texas, 153; Bomar v. Parker, 68 Texas, 435.

*Cobb & Avery,* for defendant in error.—Under the laws of Texas it is not necessary that a contract to convey land should be mutual and binding upon both parties, nor will equity deny relief where such a contract is not binding upon both parties alike or lacks mutuality; but it is only necessary that such a contract should be signed by, and be binding upon, the party sought to be charged therewith. Rev. Stats., art. 2543; Morrison v. Hazzard, 99 Texas, 583; Crutchfield v. Donathan, 49 Texas, 691; Watson v. Baker, 71 Texas, 739; Ragsdale v. Mays, 65 Texas, 256; Fulton v. Robinson, 55 Texas, 401; Morrison v. Dailey, 6 S. W., 427.

Where for any reason the vendee can not enforce the contract

as to part of the land embraced in the contract, he may, if he chooses, enforce the contract as to the remainder, and in all such cases the purchaser, if he chooses, is entitled to have the contract specifically performed as far as the vendor can perform it and to have an abatement out of the purchase money or compensation for any deficiency in the title, quantity, quality, description or other matters touching the estate. Roberts v. Lovejoy, 60 Texas, 253; Watson v. Baker, 71 Texas, 739; Austin v. Ewell, 25 Texas Supp., 407; 1 Story on Equity Jurisprudence, sec. 779; Waterman on Specific Performance, sec. 499; 26 Am & Eng. Enc. Law (2d ed.), 83, 85, 87.

The contract in this case is divisible and enforceable as between appellant and appellee. Morrison v. Hazzard, 99 Texas, 583.

We submit the following additional authorities for defendant in error in support of the opinion of the Court of Civil Appeals, viz.: Melin v. Woolley, 103 Minn., 498; Stanton v. Singleton, 54 Pac., 587; Moore v. Gariglietti, 81 N. E., 827; Tobin v. Larkin, 183 Mass., 389; Campbell v. Hough, 73 N. J. Eq., 601; Keator v. Brown, 57 N. J. Eq., 600; Tillery v. Land, 136 N. C., 537; Naylor v. Parker, 139 S. W., 93; Goff v. Jones, 70 Texas, 572, 63 Texas, 248; Texas & P. Ry. Co. v. Richards, 60 Texas, 545; Brewer v. Wall, 23 Texas, 585; Cross v. Everts, 28 Texas, 535; Crutchfield v. Donathon, 49 Texas, 695; Risen v. Smith, 8 Texas, 147; 36 Cyc., page 627.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This suit was instituted by defendant in error in a District Court of Dallas County to compel the specific performance by Mrs. Elizabeth Hazzard of the following contract:

"Dallas, Texas, May 20, 1901.
"Received of R. H. Morrison, through Murphy & Bolanz, the sum of $250 in part payment of lots 7 and 8, in block 97-¼-136, according to Murphy & Bolanz's official map of the city of Dallas, Texas, said lots fronting together 100 feet on the north line of Jackson Street, and ninety feet on the west line of Prather Street, this day sold by me as agent of the estate of F. Lawrence, twenty-five feet and E. Hazzard seventy-five feet to the said R. H. Morrison for the purchase price of $5,000 upon the following terms: $3,000 cash and the balance in two notes of equal payments, and due and payable one and two years after date, with six percent interest, the interest payable semi-annually as it accrues, with the privilege granted the maker of paying off any and all of said notes at any time before maturity upon giving sixty days' notice, said notes to be secured by the usual form of vendor's lien and deed of trust upon the property, conditioned upon an authentic abstract showing a good and acceptable title to the property, and should the title to said property prove not good and can not be made good within a reasonable time, say not to exceed sixty days from the date hereof, then I obligate myself to return the said Morrison the sum of $250 now paid upon the return and cancellation of this receipt. Balance of cash payment to be made and notes and deed of trust to be executed at once upon delivery of special warranty deed properly conveying the hereinbefore described prop-

erty. It being understood that the property is to be free and clear of all encumbrances of whatsoever nature, including taxes for the year 1901.

......................,
(Agent of) H. A. Kahler,
By B. O. Weller."

Elizabeth Hazzard and Franklin Lawrence, executor of the estate of Archilus Lawrence, resided in Philadelphia and owned the land in question in this proportion: The estate of Lawrence owned twenty-five by ninety feet which fronted on the north line of Jackson Street and ninety feet on Prather Street. Mrs. Hazzard owned seventy-five feet front on North Jackson Street, adjoining the twenty-five feet and running with it ninety feet, so that the two parcels together constituted a lot or parcel 100 feet on Jackson and ninety feet on Prather Street. Archilus Lawrence had been dead many years and Franklin Lawrence was his executor or administrator with the will annexed. The will was neither probated nor recorded in this State. The executor and Mrs. Hazzard placed their parcels in the hands of a real estate agent in Dallas to be sold as a whole. The sale was made on terms expressed in the contract before copied. The $250 specified in the contract was paid, but the executor did not make a deed, because he had no authority to make the sale or give a deed, and this court held that the attempted sale was not enforceable against the estate. (99 Texas, 583.) The action then assumed the form of a suit by Morrison against Mrs. Hazzard. Assuming that the findings of the courts are correct, the litigation has been reduced in this court to a contest over the one proposition—can Mrs. Hazzard be compelled to convey the seventy-five feet, notwithstanding the joint character of the contract?

The first question which arises upon the contract is, do its terms express a joint contract by the Lawrence estate and Mrs. Hazzard and was there mutuality in the obligation; was Morrison equally bound by the terms of the agreement to accept both lots upon compliance by the vendors?

Counsel for plaintiff in error place much stress upon want of mutuality in the contract. In Page on Contracts it is said: "In order to have specific performance, the contract sued on must have mutuality of obligation, that is, the contract must be binding on both parties." (3 Page on Contract, sec. 1615, p. 2450.) This is a clear and concrete statement of the law. By the terms of the contract sued upon the vendee, in express terms, agreed and bound himself to accept both lots of land, and, if the title had been good to both, he could have been compelled to accept both. But when the title to one lot failed, the vendee had the option to demand partial performance by a conveyance of the other lot. The condition which learned counsel calls a want of mutuality arises out of the failure of title to one portion through want of authority of the agent. Defendant instituted suit to enforce the entire contract, offering complete performance, but was defeated because the contract as to the

estate of Lawrence was void. But the case was remanded for trial as to Mrs. Hazzard. (Morrison v. Hazzard, 99 Texas, 583.) There was no want of mutuality in the contract.

Since the contract as to the estate of Lawrence is void, it is the obligation of Mrs. Hazzard alone and the issues may be simplified by clearing it of the complications arising upon a contract made by two persons to convey several pieces of land and we shall treat it as the obligation of Mrs. Hazzard alone to convey the entire property which belonged to her and another. If such were the expressed form of the contract, what would be the rights and liabilities of the parties? In such case the vendee, not being in default, would be entitled if the property was of equal value in its several parts (the purchase money not having been paid) to have a decree for the specific performance by the conveyance by the vendor of the seventy-five feet by ninety feet to which she had a good title with an abatement of the sum to be paid to the extent of one-fourth, that being the proportion that the lot to which the title failed bears to the whole. Campbell v. Hough, 73 N. J. Eq., 611; Tobin v. Larkin, 183 Mass., 389; Keator v. Brown, 57 N. J. Eq., 600; Melin v. Woolley, 103 Minn., 498; Cochran v. Blout, 161 U. S., 350.

If we consider the contract as the obligation of Mrs. Hazzard to convey the seventy-five by ninety feet only, then, she having title to that part, the vendee had the right to have a decree for specific performance of that lot. In that case it would not concern her that the title to the twenty-five feet failed, for she would receive what she contracted to accept for her property. Roberts v. Lovejoy, 60 Texas, 253; Goff v. Jones, 70 Texas, 572; Pomeroy, Specific Performance, sec. 831 et seq.

In Keator v. Brown, 57 N. J. Eq., 600, the defendant had contracted to sell her own interest and, without authority, to sell the interest of a cotenant in a tract of land. The court entered judgment against the vendor, saying: "The court is not obliged to readjust the terms of the contract as to her. It only compels Rebecca to do just what she agreed to do as to her interest. She owns an undivided half, and it is this which it is decreed that she must convey. She gets exactly the price that she bargained for, and that she would have received had her sister ratified. It would be hard to find a case in which the rule would operate more equitably."

It is ordered that the judgments of the District Court and Court of Civil Appeals be affirmed and that plaintiff in error pay all costs.

*Affirmed.*