**EISENHOWER v. BROWN.　(No. 7907.)**

Court of Civil Appeals of Texas. San Antonio. Feb. 1, 1928.

Rehearing Granted March 28, 1928.

**I. Brokers ⊜⟹94—Broker cannot contract for sale of principal's land, unless clearly authorized by employment contract.**

Broker has no authority to enter into contract for sale of principal's land, unless clearly given such power by contract of employment; his ordinary authority being merely to find purchaser ready, able, and willing to enter into contract on terms specified by, or acceptable to, principal.

**2. Brokers ⊜⟹106—Owner's prior relations and dealings with broker, local custom, and other circumstances showing intent to empower broker to contract for sale of land may be considered in determining his authority.**

Prior relations between owner and broker, dealings between them, local custom, and any

other circumstances tending to establish owner's intent to invest broker with power to make contract of sale binding on owner may be resorted to in determining broker's authority.

**3. Brokers ⊜⟹94—Broker employed by contract binding owner merely to sell and convey land to any purchaser procured by broker exceeded authority in executing contract of sale.**

Broker, whose employment contract bound owner simply "to sell and convey said tract of land to any purchaser procured by" broker and pay latter stipulated compensation "for procuring a purchaser," exceeded his authority in executing contract to sell and convey land, in absence of showing of any extraneous facts or circumstances tending to enlarge broker's authority beyond that expressed in contract.

**4. Brokers ⊜⟹94—Broker's authority to execute contract of sale is not usually inferred from use of terms "for sale," "to sell," etc.**

Broker's authority to bind his principal by contract of sale is not usually inferred from the use of terms "for sale," "to sell," and the like.

**5. Brokers ⊜⟹94—Specific performance of broker's unauthorized contract for sale of land will not be required.**

Courts will not require specific performance of contract for sale of land, executed by broker without owner's authority.

Error from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by E. A. Brown against H. W. Eisenhower by his guardian. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Cameron & Epperson, of Edinburg, for plaintiff in error.

Geo. P. Brown, of Edinburg, for defendant in error.

SMITH, J. In the original disposition of this case the judgment of the trial court was ordered affirmed, in an opinion delivered on February 1, 1928. Upon consideration of the case in response to plaintiff in error's motion for rehearing, we have concluded that we erred in affirming the judgment, which must therefore be reversed. The original opinion will be withdrawn, and this one substituted therefor.

It appears from the record that H. W. Eisenhower owned lots 1 and 24, in block 188, in Edinburg, Hidalgo county, and on December 1, 1925, entered into the following contract with Thomas R. Patrick:

"I, the undersigned, in consideration of the services rendered and to be rendered by Thomas R. Patrick in disposing of the tract of land hereinafter described, do hereby agree ·to sell and convey said tract of land to any purchaser procured by him for the following price and on the following terms, * * * ($1,000.00 cash). * * * I agree to furnish an abstract of title to said tract brought down to date showing a good merchantable title in me. Said tract of land is situated in Hidalgo county, Texas, and

described as follows: * * * I give and grant to the said Patrick the exclusive right to sell said tract of land until February 1, 1926. The above mentioned price is to be net to me and I agree to give to the said Patrick as his compensation for procuring a purchaser all that is received for said tract of land over and above 'the foregoing mentioned price."

On January 30, 1926—one day short of the termination of the agreement—Patrick, as Eisenhower's agent or broker, entered into a contract by which he undertook to bind his principal to sell and convey the property to E. A. Brown at the price and upon the terms stipulated in the contract above set out at length. Later in the same day Eisenhower hunted up Patrick and told him the property was no longer on the market, whereupon Patrick told him he was "just a little late, I sold it this evening." Eisenhower, however, repudiated the contract of sale made by Patrick, although he paid the latter the $50 commission accruing by reason of the proposed sale. Subsequently Brown brought this suit to require Eisenhower to specifically perform the contract made in his name by Patrick for the sale of the property to Brown. The latter recovered judgment enforcing specific performance and Eisenhower prosecuted writ of error. The point is made by plaintiff in error that the contract between Eisenhower and Patrick was not such as to authorize the latter to bind the former to a contract for the sale and conveyance of the property to another; that under the provisions of the contract Patrick's authority was restricted to that of finding a "prospect" who was ready, able, and willing to purchase the land at the price and upon the terms stipulated by the landowner. The question presented is made difficult by apparent confusion among the authorities upon the subject.

[1] The general rule more generally accepted seems to be that unless the power thereto is clearly given by the terms of his contract of employment, a broker has no authority to enter into a contract of sale of land binding upon his principal; that "the ordinary authority of a real estate broker employed to sell real estate is merely to find a purchaser who is ready, able, and willing to enter into a contract on the terms specified by, or acceptable to, the principal, and in the absence of such special authorization he has no authority to enter into a contract of sale, or to sell and convey, binding upon the owner." 9 C. J. 526, § 28. Mr. Mechem, in his work on Agency, states the general rule to be, that "authority to sell real estate must ordinarily be conferred in clear and direct language; for, although there are cases in which it may arise by implication, it is not lightly to be inferred from express power to do other acts, or brought within the operation of more general terms." Mechem Agcy. §§ 802, 797, 798.

[2] Texas cases upon the direct question are scarce, and the decisions in those cases are not very satisfactory, except in the statement of the general principle, that the authority of the agent to bind the owner in a contract of sale must clearly appear from the contract of employment. It is true, of course, that the prior relations between the owner and broker, the dealings between them, local custom in such matters, and any other circumstance tending to establish an intention on the part of the owner to invest the broker with the power to make a contract of sale binding upon the owner may be resorted to in determining the authority of the broker. By this process the decisions are reached through the application of the general principle to the facts peculiar to each case, and are of but little value in new cases where the facts differ in a particular detail from those in the reported cases. In the case of Colvin v. Blanchard, 101 Tex. 231, 106 S. W. 323, for instance, in the contract under which the broker was employed, it was provided that the land owner would pay the broker a specified commission "for making the sale." The Supreme Court, in an opinion by Judge Brown, seems to have held that the language, "for making the sale" (italicized by that court), carried with it, under the peculiar circumstances of the case, an implication that the broker had authority to make a contract of sale binding upon the owner. That court, however, declined, upon other grounds, to require the owner to specifically perform the contract. In another case, Watkins, etc., Co. v. Campbell, 100 Tex. 542, 101 S. W. 1078, in which also Judge Brown wrote the opinion, the writing under which the broker obtained his authority consisted in part of a letter from the owner to the broker, in which it was stated that "If you could get the amount of 'your cash payment' increased to $600 we would be willing to accept the offer." The court held that this language restricted the authority of the agent against any power to contract a sale in behalf of the owner, and the decision in that case was explained by Judge Brown in his opinion in the Colvin v. Blanchard Case. In the latter Judge Brown quoted the above excerpt from the letter of authorization, italicized the phrase "your cash payment," and held that by these expressions the broker was deprived of authority to contract. These decisions, because of the peculiar facts upon which they are based, are of but little value in determining the present case. In them it is held, in effect however, that the authority of the broker to contract for his principal must be clearly expressed in the contract of employment, or plainly inferred from other facts and circumstances clearly showing such to be the intention of the parties.

The case of Donnan v. Adams, 30 Tex. Civ. App. 615, 71 S. W. 580, decided by this court, and in which writ of error was denied, seems to be the most satisfactory and reasonable expression upon the question in this state.

In that case the court approved the rule as expressed in Keim v. O'Reilly, 54 N. J. Eq. 418, 34 A. 1073, by the highest appellate court in New Jersey, in which that court quotes from an earlier New Jersey case, as follows:

"The mere employment of an ordinary real estate broker to effect a sale of a parcel of land, even though the price and terms be prescribed, does not amount to giving present authority to such broker to conclude a binding contract for the same. Moreover, such authority is not usually to be inferred from the use by the principal and broker in that connection of the terms 'for sale' or 'to sell' and the like. * * * It follows that he who seeks to establish the authority of an agent to bind his principal to the sale and conveyance of lands by proof of circumstances from which it may be inferred that such authority was granted will not be successful, if the circumstances proved merely justify the inference that the principal had placed his lands in the hands of the agent as an ordinary real estate broker. To establish the grant of the greater authority, the circumstances must show more than the grant of the restricted authority."

Commenting upon this statement of the rule, Judge Fly, in the Donnan v. Adams Case, said:

"We think the correct doctrine has been promulgated in the New Jersey case, and that the mere fact of a land agent or broker having authority in writing to sell real estate is not sufficient to enlarge the authority granted by the strict terms of the writing, so as to confer the power of contracting in writing in the name of the principal for the sale of the land. In other words, the burden was on appellant to establish that the power to sell granted to Walsh carried with it the authority to bind his principal by a contract of sale in writing."

[3] Applying these rules to the case at bar we conclude that Patrick, the broker, exceeded his authority when he sought to bind his principal to sell and convey the land in question to defendant in error. In the contract by which he employed the broker the owner agreed, simply, "to sell and convey said tract of land to any purchaser procured by him" at the price and upon the terms stipulated in the contract of employment, and to pay the broker a stipulated compensation "for procuring a purchaser" for the land. There is nothing in the record showing any extraneous fact or circumstance tending to enlarge the authority of the broker beyond that expressed in the contract of employment, to which alone, therefore, we may look for that authority. Certainly there is no express authority given the broker in that contract to bind the owner in a contract of sale; on the contrary, the power of sale and conveyance was by implication reserved to the owner.

[4] It is true that in the contract of employment the principal "gave and granted" to the broker the exclusive right "to sell" said tract of land. But under the New Jersey rule, approved in the Donnan v. Adams Case by this court, the authority of the broker to bind his principal to a prospective purchaser "is not usually inferred from the use by the principal and broker in that connection of the terms 'for sale' or 'to sell' and the like." It was further said by Judge Fly in the Donnan Case that:

"A real estate broker or agent is one who negotiates the sales of real property. His business, generally speaking, is only to find a purchaser who is willing to buy the land upon the terms fixed by the owner. He has no authority to bind the principal by signing a contract of sale. A sale of real estate involves the adjustment of many matters besides the fixing of the price. The delivery of the possession has to be settled, generally the title has to be examined, and the conveyance, with its covenants, is to be agreed upon and executed by the owner. All of these things require conferences, and time for completion. These are for the determination of the owner, and do not pertain to the duties, and are not within the authority, of a real estate agent. For these obvious reasons, and others which might be suggested, it is a wise provision of the law which withholds from such an agent, as we think it does, any implied authority to sign a contract of sale in behalf of his principal."

[5] We sustain plaintiff in error's contention that no authority was shown in Patrick to bind the landowner to a contract to sell and convey the land to defendant in error, and the courts will not require specific performance of that contract. We have found no authorities in this state in conflict with this conclusion, and defendant in error cites no Texas authorities except Hazzard v. Morrison, 104 Tex. 589, 143 S. W. 142, which does not appear to be in point.

The appeal also presents a question of the sufficiency of a showing that plaintiff in error was laboring under the disability of an adjudicated habitual drunkard at the time the transactions involved occurred. The record as it relates to this question is unsatisfactory, and we deem it unnecessary, in fact out of place, to attempt to decide the question under the record presented, in view of a reversal upon the ground discussed at length herein.

Because of the apparent lack of authority of Patrick to bind plaintiff in error to the contract sought to be specifically enforced in the suit, plaintiff in error's motion for rehearing must be granted, and the judgment of the court below will be reversed, and the cause remanded for another trial.