**SOUTHERN UNDERWRITERS v. YOCHAM.**
No. 3931.

Court of Civil Appeals of Texas. El Paso.
March 28, 1940.

Rehearing Denied May 16, 1940.

Claude Williams, Henry D. Akin, and Benbow, Saunders & Holliday, all of Dallas, for plaintiff in error.

Kerr & Gayer, of San Angelo, Roy R. Priest, of Rankin, and Douglas Newton, of Del Rio, for defendant in error.

PRICE, Chief Justice.

This suit was filed in the District Court of Val Verde County, by Grover Yocham, as plaintiff, against the Southern Underwriters, as defendant. The purpose of the action was to set aside a previous award of the Industrial Accident Board on a claim for compensation filed by the plaintiff, wherein the defendant was the insurance carrier, and to recover compensation. The trial was by jury, the submission on special issues. On the verdict a judgment was entered against the insurance carrier in the sum of $4,760. Motion for a new trial was filed in due time and overruled. Defendant in the suit duly perfected writ of error, and the case is properly before the court for review.

The parties, for convenience, will bear the designation here borne in the District Court.

The following facts are undisputed under the evidence: Plaintiff was employed as a truck driver by the Lone Star Trucking Company, and on the date of the alleged injury his employer carried a policy of workmen's compensation insurance issued by the defendant covering plaintiff as an employee.

On the 23rd day of March, 1937, plaintiff, while acting in the scope of his employment, was driving a truck for his employer, and there was an accidental collision between the truck driven by plaintiff and a truck or motor vehicle driven by another. In this collision plaintiff alleged he sustained the injuries for which compensa-

tion was sought. Established by the verdict are the following facts: That as a result of such collision plaintiff did sustain personal injuries; that as a result of such injuries total permanent incapacity was suffered by plaintiff; that plaintiff was entitled to a lump sum settlement for the compensation due him under the law; that plaintiff's compensation should be based on an average daily wage of $4.50 per day. The verdict found all material issues as raised by the pleadings and evidence in favor of the plaintiff. In all particulars the verdict is supported by the evidence, and we find the facts in accordance therewith.

In this case there is as a whole no serious or unsettled legal propositions involved. Submission was on seventeen issues with appropriate supporting issues; appropriate explanations and definitions were given by the trial court.

Defendant's exceptions to the charge occupied some thirty pages of the transcript. The motion for a new trial urged some ninety-nine grounds of error and takes up approximately fifty pages of the transcript. We shall not burden this opinion by setting forth the substance of the objections to the court's charge. Suffice it to say, they are in all substantial particulars of the same character and nature as those commented upon in the opinion in the case of Federal Underwriters Exchange v. Walker, Tex.Civ.App., 134 S.W.2d 388. Here they merit the same condemnations as were there given. Inherently and intrinsically they evince a studied effort to conceal from the trial judge any merit therein, thus seeking to inject reversible error in the case.

Defendant, by a plea sworn to as to the best of the knowledge and belief of its agent, challenged the jurisdiction of the court. Regardless of the sufficiency of this verification, the basis of the contention seems to be that the award of the Industrial Accident Board inherently shows that it was not a final award; further, that it was not affirmatively shown there was more than $500 involved. The award recites that it was made by the Board on July 7, 1937, after due notice, and it was ordered that Southern Underwriters pay Grover Yocham $13.85 per week for an indefinite period in the future, not exceeding fifty-two consecutive weeks from March 23, 1937, unless changed by subsequent award of the Board.

It is the amount claimed in the petition seeking to set aside the award that in respect to amount determines jurisdiction. Booth v. Texas Employers' Ins. Ass'n, Tex. Com.App., 123 S.W.2d 322.

The award in question here is a final one and sufficient basis for the suit to set same aside. Middlebrook v. Texas Indemnity Ins. Co., Tex.Civ.App., 112 S.W.2d 311, Supreme Court, 131 Tex. 163, 114 S.W.2d 226; Traders & General Ins. Co. v. Baker, Tex.Civ.App., 111 S.W.2d 837.

The copy of award as certified was admissible in evidence. Federal Underwriters Exchange v. Guest, Tex.Civ.App., 129 S.W.2d 708; Federal Underwriters Exchange v. Ener, Tex.Civ.App., 126 S. W.2d 769.

It is urged that plaintiff failed to show that defendant was a legal entity subject to being sued under the name of Southern Underwriters. Defendant appeared under that name and defended; it has filed a bond herein under that name. There is no merit in this contention. Beyond the shadow of a doubt, defendant was insurance carrier of plaintiff's employer.

Special issue number one was as follows: "Do you find from a preponderance of the evidence that the truck collision between the truck operated by plaintiff, Grover Yocham, and the panel truck that collided with it in Val Verde County, on or about the 23rd day of March, 1937, caused injuries to the plaintiff, Grover Yocham?"

The jury found the affirmative to this issue.

Defendant urged exception thereto, as follows: "The issue is too general, vague, indefinite and uncertain, and does not confine the jury's determination and deliberation to the particular type and character of injuries contained in the plaintiff's petition, and upon which there is proof, but permits the jury to speculate and go outside of the realm of the testimony and pleadings in this case."

This was not the only exception urged to issue No. 1. It appears among a number of other exceptions urged to this issue. In the statement here these additional grounds of objection urged are not set forth. They are as follows:

"(a) There is no evidence to support the submission of such issue to the jury;

"(b) There are no proper pleadings to support the submission of such issue to the jury;

"(c) The evidence is insufficient to support the submission of such issue to the jury;

"(d) The issue is multifarious and duplicitous and submits more than one fact issue in one special issue;

"(f) The issue is on the weight of the evidence in that it assumes that the collision did result in injuries to the plaintiff, Grover Yocham, and this is a controverted issue of fact.

"(g) . The defendant makes the same objections to this issue as are contained in paragraph four above, without the necessity of repeating the same at this point."

Each of the special issues submitted by the court are assailed on substantially the same grounds as urged to No. 1, omitting the objection first copied above, as same appears in the submission under the proposition under consideration.

It is to be first noted that the objection fails to point out any injuries alleged as to which there is a failure of proof. In this respect it lacks certainty and clarity. In the statement the defendant is more explicit than in the objection made in the trial court. The statement endeavors to point out for this court injuries alleged, but unsustained by the proof. A careful study of the statement of facts leads us to the conclusion that there was some evidence of all of the injuries alleged by plaintiff. Under the evidence, if plaintiff sustained any injuries resulting in incapacity, they were the result of the collision between the two motor vehicles. The issue limits the injuries inquired about to those received in the collision on the 23rd day of March, 1937. This collision certainly occurred, and its nature and violence were such as to almost inevitably result in personal injury to plaintiff. In the cases of Security Mutual Casualty Co. v. Bolton, Tex.Civ.App., 84 S.W.2d 552, Traders' & General Ins. Co. v. Low, Tex.Civ.App. 74 S.W.2d 122, and Casualty Underwriters v. Lemons, Tex.Civ.App., 114 S.W.2d 333, cited by plaintiff in error in support of this assignment, the manner of the infliction of the injury was in question, as well as the nature thereof. The ordinary result of lifting sacks is not a damage to the physical structure of the body, and, the natural result of the diseased heart may have caused the death. Carbon black does not necessarily result in serious eye injury. Gouging in the eye might cause a dangerous and disastrous infection. The death might or might not have been caused from inhaling carbon monoxide gas. In each of the above cases there was a result which might not have been brought about by the cause attributed in the pleading.

The question raised by the assignment has been before the courts many times, and the decisions have not in all cases been harmonious. In Southern Underwriters v. Kelly, Tex.Civ.App., 110 S.W.2d 153, the almost identical objection here urged was urged to practically the same issue. It was there held such objections were insufficient to call the trial court's attention to the error claimed. A number of authorities are cited on this point in the opinion. Application for a writ of error was dismissed by the Supreme Court.

But, as we have before stated, the only injuries under the evidence before the jury were the injuries sustained in the collision. The issue confines the jury to a consideration thereof under the evidence. All of the injuries pleaded by plaintiff were confined to the collision. Plaintiff never sought to show any other injuries. There was some evidence sustaining all of the injuries pleaded by plaintiff. After all, the ultimate issues were, Did plaintiff receive personal injuries of the kind alleged in the manner alleged, and the effect of such injuries on his capacity to labor?

In Associated Indemnity Corp'n v. Baker, Tex.Civ.App., 76 S.W.2d 153, a submission substantially in the manner of the submission here was held harmless error. Application for writ of error was dismissed by the Supreme Court.

■■ While we do not think the issue was perfect in form, we are of the opinion that the defendant was in no way harmed thereby. We further hold that the objections, as made, were insufficient under Article 2185 to clearly call the court's attention to defendant's ground of complaint. The assignments are overruled.

Under Nos. 6, 7, 8, 9 and 10, complaint is made as to the manner of submission of the basis of compensation and the sufficiency of the evidence to sustain the finding of the jury thereon. Under the undisputed evidence plaintiff had not been employed for substantially one year preceding the

injury by his then employer, or by another employer in a like class of work. Issue No. 12 was as follows: "Do you find from a preponderance of the evidence that there were employees of the same class as plaintiff, Grover Yocham, working substantially the whole of the year immediately preceding March 23, 1937?"

The response was in the affirmative.

Special Issue No. 14 was as follows: "What do you find, from a preponderance of the evidence, was the average daily wage of the employees, if any, inquired about in Special Issue No. 12?"

To Special Issue No. 12 the defendant interposed the objections as indicated herein to Special Issue No. 1. Objection (c), however, varied a little from type. It was as follows: "(c) The issue is improper under Sub-section 2, Section 1, Article 8309, since it does not follow the terms of said law and comply with the provisions of said law, with reference to the necessary elements set out and contained in said Section and Article of the Statute, and therefore is not a proper inquiry to be made of the jury in this case. The defendant further says that said issue is erroneous in that the plaintiff has failed to negative the terms of Sub-section 1, Article 8309, and therefore Sub-section 2 has no application in this case."

In substance defendant's seventh proposition asserts that there is no basis in the verdict upon which compensation could be awarded, because there was no additional finding (under No. 12) that such work was done in the same or in a similar employment in the same or a neighboring place. If defendant's objection to the trial court had been as clear and specific as his proposition here, we feel sure that the trial court would have eliminated the necessity for the proposition. The objection fails to specifically point out the ground of complaint. Even though defendant's vagueness was inadvertent, the objection is nevertheless insufficient. Walker v. Haley, 110 Tex. 50, 214 S.W. 295; Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474; Isbell v. Lennox, 116 Tex. 522, 523, 295 S.W. 920; Federal Underwriters v. Walker, supra.

Issue No. 12 was an attempt to submit an ultimate issue. It comprehended a material part of the ultimate issue as to the matter to which it related. It may be a defective submission, but such a submission is not a failure to submit. If this be correct, the judgment entered in harmony therewith was justified. Wichita Falls & Oklahoma Ry. Co. v. Pepper, Tex.Sup., 135 S.W.2d 79.

We have carefully read the statement of facts in relation to issues 12 and 14, and deem the evidence ample to justify the findings thereon. A recital and review of the evidence would unduly lengthen this opinion.

One other matter in this connection should, perhaps, be briefly discussed. Plaintiff pleaded an average daily wage rate of $4 per day. The finding of the jury was an average daily wage of $4.50 per day. Judgment was entered on a basis of an average wage of $4. Before entry of judgment plaintiff filed a remittitur for the excess above his pleading. Defendant was clearly not injured thereby, and hence not entitled to complain thereof. Federal Underwriters v. Cost, Tex.Com. App., 123 S.W.2d 332, loc. cit. page 336.

Assignments not discussed have been considered and overruled.

This case was fairly and ably tried, despite the many difficulties presented to the trial judge. The verdict is sustained by the evidence. No reversible error appears in the record, and the case is affirmed.

On Motion for Rehearing.

Plaintiff in error, among other things, complains that the original opinion did not discuss two assignments relating to argument. These assignments were not discussed because it was deemed that reversible error was not thereby presented. However, out of deference to the motion we shall briefly discuss same.

In the opening argument to the jury counsel for defendant in error used the following language: "Now, gentlemen of the jury, all this man is asking of you is that you give him the same just consideration that you would want him to give to you if you were in his place."

The exception taken at the time of the argument was in substance that same was prejudicial and inflammatory and had the effect of calling upon the jury to place themselves in the position of the plaintiff in the case and thereby consider and take into consideration in arriving at their verdict other matters than those contained in the evidence and the charge.

We fail to see any particular impropriety in the argument. It does not seem to be an appeal to passion or prejudice. It introduced no new evidence in the case. The appeal was as to the attitude the jury should adopt in considering the evidence before them. They were asked to give the evidence a just consideration, the same just consideration that they would want from the plaintiff were the jurors in the place of plaintiff. Every man has implanted in his heart a love of justice. Plaintiff had a right to expect and demand justice from the jury. A right feeling man would want and expect nothing more. See Rio Grande, E. P. & S. F. Ry. Co. v. Dupree, et al., Tex.Com.App., 55 S.W.2d 522; Texas & P. R. Co. v. Short, Tex.Civ. App., 62 S.W.2d 995; ·Ochoa v. Winerich Motor Sales Co. et al., 127 Tex. 542, 94 S.W.2d 416.

In the closing argument counsel for defendant in error used the following language: "Now, gentlemen, this is Dr. Middlebrook's testimony, and the insurance company has had Grover Yocham examined by Dr. Sanders, and x-rayed by Dr. Ross and x-rayed by Dr. Johnson, let me ask you if Dr. Middlebrook's testimony is not true, and if Grover Yocham's testimony is not true, why didn't they bring them in here to show differently."

The objection to this argument was in substance that same was highly improper and prejudicial, and assumed that Doctors Johnson, Ross and Sanders would have testified contrary to the position of the defendant had they been present, and further that there was no evidence that said doctors were subject to be called by the defendant, and therefore amounted to the giving of improper testimony before the jury.

It seems by an explanation and qualification embodied in the bill that when the case was called for trial and plaintiff announced ready, the defendant (plaintiff in error here) declined to announce until an agreement was entered into in open court in the presence of the court by the attorneys for both sides that X-ray pictures of the plaintiff be taken by a doctor of the defendant's selection, to-wit, Dr. H. B. Ross, at five o'clock P. M. of that day, and that when such pictures were dry that plaintiff would then be examined by doctors selected by defendant, to-wit, Doctors Johnson and Sanders; subsequently on the same day such pictures were taken, and on the following morning such examination of plaintiff was made, and the court informed of the facts. Neither Dr. Ross nor Dr. Johnson nor Dr. Sanders testified or was offered as a witness, nor were the X-ray pictures taken offered in evidence.

■ The three doctors mentioned were selected by plaintiff in error and employed, the X-ray pictures taken and the examination made. It seems that Dr. Middlebrook, defendant in error's witness, was present at the examination. The examination took place during the trial of the case. The circumstances tended to almost conclusively show that these witnesses were available to plaintiff in error. A fair inference is that they were employed to make the examination for the purpose of testifying on the trial for the defendant and for the tentative purpose of contradicting any testimony of plaintiff harmful to defendant that was not in their opinion the truth. The argument conveys no intimation as to what they would have testified. Its gist is that if Yocham and Dr. Middlebrook were not telling the truth, defendant had available witnesses to contradict the testimony. Plaintiff agreed to a medical examination by the agents of the defendant, and defendant failed to avail itself of the testimony of its agents. In our· opinion the argument does not present reversible error. See Marek v. Southern Enterprises, Inc. of Texas, 128 Tex. 377, 99 S.W.2d 594; Consolidated Underwriters v. Lowrie, Tex.Civ.App., 128 S.W. 2d 421.

We are of the opinion that there is a distinction between the facts of the cases cited by plaintiff in error in its attack on issue No. 1 and the case at bar.

The motion for rehearing is overruled.