SORSBY v. THOM et al.
No. 11400.

Court of Civil Appeals of Texas. Galveston.
Jan. 7, 1943.

Rehearing Denied Feb. 17, 1943.

Croom & Croom and Sam G. Croom, all of Houston, and W. H. Betts, of Hempstead, for appellant.

Pitts & Liles, of Conroe (J. Robert Liles, of Conroe, George Cavanagh, of Houston, and Wm. F. Jackson, of Hempstead, of counsel), for appellees.

GRAVES, Justice.

Appellant, as plaintiff below, instituted this suit against the appellees for the specific performance of a written contract for the sale of an entire 1259¾ acre tract of land in Waller County, therein specifically described as "Rock Island Plantation" and "the Cordsen Rock Island Ranch Tract". It was alleged that such contract had been executed in behalf of the appellees, except Chapman, by R. R. Loggins, a real estate broker. After the date of the alleged contract, the appellees, Chapman and Ison, were shown to have purchased the property through a deed severally executed by all the owners, there having been no antecedent contract of sale between the parties thereto. The appellees denied the authority of R. R. Loggins to bind them to any written contract, inclusive of the one sued upon, and further pled that the contract, under its terms, was impossible of performance. Upon the findings of the jury, among other things, to the effect that no such authority had been given Loggins, judgment was rendered in favor of all the appellees.

This is the second appeal to this court in the controversy between the parties to this same contract, the disposition of the first one having been reported in 122 S.W. 2d at page 275; the contract itself was in haec verba fully set out in that opinion,

hence will be referred to herein without reinsertion or exact quotation.

The controlling question before determined was that the description of the 1259¾ acre tract of land involved as the "Rock Island Plantation" and "the Cordsen Rock Island Ranch Tract" was legally sufficient, where as on the appeal now at bar the sole issue of law is whether or not the trial court, on the present record, erred in refusing specific performance of that contract in appellant's favor by requiring the appellees to convey the land so described to him.

The present record is voluminous, especially as containing a statement of facts of some 618 typewritten pages; but appellant grounds his whole contention for a reversal upon the claim that the undisputed evidence showed not only that all the owners of the land authorized Loggins to make the sale provided for in that contract, but also that Chapman and N. B. Ison, who subsequently so bought the property from the appellees out from under appellant's declared-upon contract, had both actual and constructive notice of such sale, hence were bound thereby.

Thus limiting his contention here, he does not invoke this court's exclusive authority to determine whether or not the jury's adverse findings to him upon which the judgment below was returned were so against the overwhelming weight of the evidence as to be clearly wrong—but simply stands upon his claim that the undisputed evidence required that court to sustain one or the other of his motions—duly presented to it—the first for a peremptory instruction to the jury in his favor, the second for a setting aside of its verdict as returned and an entry of judgment in his behalf instead.

This court, however, after a painstaking consideration of the whole proceeding, inclusive of briefs and oral arguments at the bar, is unable to see eye-to-eye with the appellant's position; on the contrary, it concludes that the trial court was correct—on the coming in of the jury's verdict—in entering its judgment thereon denying appellant the coveted order for a specific performance.

That conclusion rests upon these, among other considerations:

■ (1) As an inspection of the contract itself shows, it indisputably appears from the face thereof that the self-styled "agent" and "Sales Agent", was acting therein only in the capacity of a real estate broker, and, as such, was not perforce thereby vested with any authority to sign a contract for the sale of the land with a prospective purchaser that would bind the owners; that is, under our authorities, his being thereby vested merely with the powers of a real estate broker, with no express authority to enter into a written contract of sale, no such power flowed to him therefrom; Donnan v. Adams, 30 Tex.Civ.App. 615, 71 S.W. 580, writ of error dismissed; Keim v. O'Reilly, 54 N.J. Eq. 418, 34 A. 1073; Eisenhower v. Brown, Tex.Civ.App., 4 S.W.2d 627; Colvin v. Blanchard, 101 Tex. 231, 106 S.W. 323; Reiser v. Jennings, Tex.Civ.App., 143 S. W.2d 99, writ of error dismissed.

■ (2) It cannot be said that there was, as a matter of law, no evidence raising the issues the trial court submitted to the jury under inquiries Nos. 1 to 21, inclusive, as to whether Loggins had the authority to bind the various ones of the appellees to the obligations he undertook so to do in the contract, or as to whether or not Chapman and Ison had knowledge of Loggins' having so contracted with the appellant, as submitted in succeeding inquiries Nos. 22 and 23.

Clearly, it is thought, both the pleadings and evidence raised all these issues as so submitted, hence, under appellant's sole objection that the undisputed evidence showed otherwise, no further question may be entertained upon this appeal.

■ (3) The contract, by its specific terms, undertook to bind the appellees to deliver to appellant possession of the land by November 1 of 1935, whereas the evidence was sufficient to justify, if it did not require, a finding that Loggins never mentioned in his negotiations with them to any of the owners of the property that any sale he was undertaking to make of it would provide for a delivery as early as that date; on the contrary, the testimony of all the appellees who deposed upon that point was that they never contemplated undertaking to deliver the property at any time prior to January 1 of 1936. Appellant was bound to recover, if at all, under the specific contract he so declared upon; that is, the one signed by Loggins on September 24 of 1935, so that, since the latter had no authority to bind any of the appellees to a delivery of the land to him on November 1 of 1935, that discrepancy alone defeated

his right to a specific performance. Adams v. Hughes, Tex.Civ.App., 140 S.W. 1163; writ of error refused; Kelly **v.** Webb, 27 Tex. 368; 20 Tex.Jur., page 284, Section 73; Gilliland v. Kimbrough, Tex.Civ. App., 146 S.W.2d 1101; O'Mara v. Hall, Tex.Civ.App., 134 S.W.2d 348; Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505.

(4) The evidence further was sufficient to support the finding, if it did not require it, that at the date Loggins signed this contract on September 24, of 1935, the appellee Chapman was then in possession of the land, to the knowledge both of this appellant and Ison, under a claim of having a future lease thereon, on account of which he refused, likewise to appellant's knowledge, to yield up that possession unless and until he was paid $2,500. It was therefore impossible for the appellees to comply with the provision in the Loggins' instrument calling for a delivery of the land to the appellant on November 1 of 1935. This likewise constituted a legal bar to a specific performance. Clifton v. Charles, 53 Tex.Civ.App. 448, 116 S.W. 120; Texas Military Institute v. Sun Oil Company, Tex.Civ.App., 112 S.W.2d 329.

(5) The declared-upon contract, as unmistakably appears from its terms, not only did not purport to be a divisible one by which appellant Sorsby might acquire an undivided interest in the 1259¾ acre tract it so specifically described as the "Rock Island Plantation" and "The Cordsen Rock Island Ranch Tract" as an entirety, but further that instrument, as well as appellant's trial petition herein seeking a specific performance of the contractual obligation alleged to have been fastened thereby upon all of the appellees to convey to him the 1259¾ acres, plainly confined his claim to the tract as an entirety and not to any undivided interest therein; wherefore, under such a contract, as so declared upon by him, the appellant could have legally declined to accept an undivided interest (had the appellees offered to so in part perform the Loggins instrument); correlatively, under these authorities, he was not entitled to, nor was the contract he declared upon subject to, any such partial specific performance thereof as he asserts upon this appeal. Starr et al. v. Ferguson, Tex.Com.App., 166 S.W.2d 130; Bradley v. Howell, Tex.Civ.App., 126 S.W.2d 547; Allen v. Friedman, Tex.Civ.App., 256 S.W.

669, writ of error dismissed; Corpus Juris, Vol. 58, pp. 846, 847, and 849.

In summary, it is held:

(1) That the testimony was sufficient to raise issues for the jury (as well as to sustain the effect of their affirmative findings thereon) to the purport that none of the owners ever authorized Loggins to sell the property for delivery on November 1 of 1935, nor to execute in their behalf at all the particular contract of September 24 of 1935;

(2) Upon the contrary, that he was advised by appellee, B. H. Cordsen, that their attorney, Mr. Vacanaugh, would handle the details of the deal then under consideration for the owners;

(3) That Loggins, appellant, and this attorney, Mr. Cavanaugh, met at Hempstead on September 23 of 1935, and agreed at that time that no one had been authorized to sign for such owners; whereupon, on September 24 of 1935, (the very date of the declared-upon contract in suit) appellant's then attorney, Mr. Betts, mailed to Mr. Cavanaugh, attorney for the appellees, a written form of escrow-agreement for all the latter to sign;

(4) That on both those dates, September 23 and 24 of 1935, appellant Sorsby, as well as Messrs. Loggins and Ison, all knew that appellee Chapman was in possession of the entire plantation under his claim of an enduring lease thereon, and that he had notified all parties of his refusal to yield that possession, unless his demands then made, which nobody ever met, were complied with.

Appellant's further claim for reversal because of these remarks of appellees' attorney in arguing the cause to the jury: "We want you people to give us a fair deal. Put yourselves in my clients' position. How would you like to have your property taken away from you?", is overruled.

That procedural complaint is thought to have become immaterial, under the holding already made that in no event was appellant entitled to the specific performance he declared upon; however, there was in the statement no appeal to the jury to disregard either the law or the evidence, but only a request that his clients be given a fair deal—presumably from the law and the evidence—and that the jury put themselves in the appellees' position, under a

query as to whether they would like to have their property taken away from them. No injury from this statement is thought to have been shown. § 80 of 41 Tex.Jur., page 806; Leonard Bros. v. Newton, Tex. Civ.App., 71 S.W.2d 613; Rio Grande, E. P. & S. F. v. Dupree, Tex.Com.App., 55 S.W.2d 522; Independent Life Ins. Co. v. Hogue, Tex.Civ.App., 70 S.W.2d 629, error dismissed; Levy v. Rogers, Tex.Civ.App., 75 S.W.2d 304, error granted; Tennessee Dairies v. Seibenhausen, Tex.Civ.App., 99 S.W.2d 323, error dismissed; Texas Creosoting Company v. Sims, Tex.Civ.App., 113 S.W.2d 227, error dismissed; Southern Underwriters v. Yocham, Tex.Civ.App., 140 S.W.2d 341.

Affirmed.