J. B. WATKINS LAND MORTGAGE COMPANY v. H. M. CAMPBELL ET AL.

No. 1696. Decided May 8, 1907.

**Agency—Authority to Sell.**

A reply by the owner of land to an offer to purchase it submitted by a land agency on behalf of a customer, stating that he would be "willing to accept" a price named, did not constitute authority for the receiver thereof to act as agent of such owner and close the contract for him. (Pp. 543–545.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Dallas County.

Suit by Mrs. Campbell, joined by her husband, against the Watkins

Land Mortgage Company.   Plaintiffs had judgment, which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*W. P. Finley,* for plaintiff in error.—The peremptory instruction to find for defendant should have been given, because the facts showed that Wilson & Lightfoot had no authority to make the sale as defendant's agents.   Mechem on Agency, sec. 545; Robertson v. Smith, 11 Texas, 211.

*Morris & Crow,* for defendants in error.—The trial court may direct a verdict for defendant when there is an entire absence of testimony to support the cause, but should not direct a verdict where there is an issue of fact about which reasonable minds may differ.   Certainly not when practically all the undisputed evidence is the other way.   Wallace v. S. C. Oil Co., 91 Texas, 18.

Recovery is not predicated alone on the written contract in evidence, and if, technically, Wilson & Lightfoot had no authority to execute same, the negotiation of Wilson & Lightfoot with appellees to sell them the property was based on correspondence had with appellant, authorizing the sale, and the offer made by appellant in writing, by letter, was duly accepted by the appellees, of which appellant had notice by letter from its agents, Wilson & Lightfoot.

BROWN, ASSOCIATE JUSTICE.—From the opinion of the Court of Civil Appeals we copy this statement of the case and facts:

"Mrs. Theresa Campbell, joined by her husband, H. M. Campbell, brought this suit against the J. B. Watkins Land Mortgage Company to recover damages for an alleged breach of contract of sale of land. There was a jury trial, which resulted in a verdict and judgment for the plaintiffs for $949.30, and the defendant has appealed.

"The undisputed testimony shows that Mrs. Campbell entered into negotiations with Wilson & Lightfoot, real estate agents, for the purchase of the land, which resulted in the execution of a written contract signed by Mrs. Campbell, and by Wilson & Lightfoot, "agents for owner."   Appellant was the owner of the land, and, if Wilson & Lightfoot had authority to make the contract for it, the plaintiffs were entitled to recover.   The authority of Wilson & Lightfoot was, in the main, predicated by the plaintiffs upon the following correspondence:

" 'Wilson & Lightfoot,
"Real Estate and Loans,       COPY.
   "237 Main Street,
"Phone 2303—2 Rings.       "Dallas, Texas, March 14, 1902.
"J. B. Watkins L. M. Co.,
   "Lawrence, Kansas.
"Dear Sir:   We are offered for Index No. 4, 471 Browder and 156 Neaumont, $1,800, the price you gave us on this property—$300 cash, and the balance in one, two, three, four and five years, with interest at the rate of eight percent per annum, secured by deed of trust.   Shall we close the deal?
"We think this a very fair price for the property, as it is very much

out of repair, and will cost several hundred dollars to put it in good repair. Our purchaser expects to at once spend some $500 or $600 repairing and remodeling this property, which will, of course, make your security first-class.

"Please answer at once, and oblige,

"Wilson & Lightfoot."

"J. B. Watkins Land Mortgage Company,
          "Lawrence, Kansas.

"March 18, 1902.

"Wilson & Lightfoot,
    "Dallas, Texas,
    "Gentlemen: We have yours of 14th submitting an offer of $1,800—$300 cash, and balance in one, two three, four and five years—for the R. H. Downs property, No. 4078, Index No. 4. If you could get the amount of your cash payment increased to $600 we would be willing to accept the offer and give the payments named for the remainder at eight percent. Awaiting your further report, we are,

"Yours truly,
          "J. B. Watkins L. M. Co.,
              "By A. L. Stanton.'

"Within a reasonable time after receipt of the letter of March 18, 1902, Wilson & Lightfoot closed the contract with Mrs. Campbell, and reported the same to appellant. For assigned reasons, unnecessary to state, appellant refused to sell the land to Mrs. Campbell."

The judgment of the trial court, rendered in this case, depends wholly upon the correspondence between Wilson & Lightfoot and the J. B. Watkins Land Mortgage Company. Outside of that correspondence there is no evidence in the record which we have been able to find that tends to establish the authority of Wilson & Lightfoot to make the sale to Mrs. Campbell. Wilson testified in the case, and it does not appear from his testimony, nor is it claimed by counsel for the defendants in error, that any agency existed prior to the writing of the letter by Wilson & Lightfoot to the Land Mortgage Company. We therefore will examine this correspondence to see if there is anything in the terms used from which it may be fairly concluded that the J. B. Watkins Land Mortgage Company intended to confer authority upon Wilson & Lightfoot to sell the land.

The first letter, written by Wilson & Lightfoot to the Land Mortgage Company, does not purport to be the report of action by Wilson & Lightfoot as the agents of the Mortgage Company, but submits to that company an offer which the land agents had received from a person whose name is not disclosed. The slightest intimation of a claim on the part of Wilson & Lightfoot of power to sell is thoroughly negatived by this language of the letter: "Shall we close the deal?" The reply of the Land Mortgage Company did not authorize Wilson & Lightfoot "to close the deal," but distinctly reserved to the company the right to accept, saying that: "If you could get the amount of your cash payment increased to $600, we would be willing to accept the offer . . . Awaiting your further report, we are," etc. Thus, in answer to the

query, "shall we close the deal?" the Land Mortgage Company replies, "we would be willing to accept," upon certain terms yet to be arranged; the question emphasizes the meaning of the reply. From this correspondence, we think that Mrs. Campbell could not have understood that Wilson & Lightfoot had authority to make the sale, but must have known that the power to accept or refuse was still retained by the company until a report had been made.

If, however, there were doubt upon the question, the subsequent correspondence between the parties, which is undisputed, and was introduced by the defendants in error, would remove that doubt, for when Wilson & Lightfoot reported the sale as having been made by them to Mrs. Campbell the Land Mortgage Company promptly declined to ratify it for reasons given but not necessary to be stated. To this letter Wilson & Lightfoot replied, using the following language: "We made this sale acting on your letter of March 29, in which you agreed to sell for $1,800—$600 cash, balance in one, two, three, four and five years, at eight percent interest. . . . Our customer will not pay more than $1,800, but they are expecting to do quite a lot of improvement on the property, which will make your security much better. We feel that this is a fair price for the property, and that it would be wise to accept this sale, as the property is very much out of repair, and will cost several hundred dollars to put it in anything like good condition. Of course, if you do not want to sell the property, and do not intend for us to have the sale, after making it, and prefer to wait and see if someone else can make sale, of course this is business of yours. We can sell our customers another place as soon as we find that they will not get this, and we would like for you to answer by wire at our expense as soon as you receive this, and we will act accordingly." To this letter J. B. Watkins Land Mortgage Company responded by wire as follows: "Do not hold buyer Downs property. Sell him something else." From these letters it will be seen that Wilson & Lightfoot did not understand that they were authorized to make an absolute sale to Mrs. Campbell, but understood it to be subject to the approval of the Land Mortgage Company; that was the construction the parties placed upon the correspondence at the time and while the business was being transacted.

It is ordered that the judgments of the District Court and Court of Civil Appeals be reversed, and that judgment be here rendered that the defendants in error, Theresa Campbell and H. M. Campbell, take nothing by their suit, and that The J. B. Watkins Land Mortgage Company go hence without day and recover of the said defendants in error all costs.

*Reversed and rendered for Plaintiff in Error.*