## BROWNE GRAIN CO. v. WALKER.
### (No. 1425.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 27, 1918.)

1. CONTRACTS ⬤15—CREATION—ACCEPTANCE.
To make a contract there must be mutual assent, and the assent must comprehend the whole proposition.

2. SALES ⬤22(2)—OFFERS—EFFECT.
Where communication stating the terms on which goods may be ordered is merely an invitation to enter into negotiations, an order given pursuant to its terms does not complete the contract.

3. SALES ⬤22(4)—OFFERS—ACCEPTANCE.
Where defendant offered oats "even wt. bags for Dec. shipment" at a named price, and plaintiff ordered shipment "about the 17th day of November" of a car of oats "sacked 5 bu. to sack," and one car December 1st and one car December 15th, the acceptance qualified the provisions, and there was no contract.

4. VENUE ⬤21—RESIDENCE OF DEFENDANTS —PRIVILEGE.
Where there was no written contract between the parties to be performed in the county where suit was begun and such county was not that of defendant's residence, held, that under Rev. St. 1911, art. 1830, the county court of such county was without jurisdiction.

Appeal from Cottle County Court; W. O. Jones, Judge.

Action by S. E. Walker against the Browne Grain Company, a partnership composed of C. V. Browne and E. P. Browne. From a judgment for plaintiff, defendant appeals. Reversed, with instructions.

Abernathy & Abernathy, of McKinney, for appellant.

C. O. Renfro, of Paducah, for appellee.

HUFF, C. J. S. E. Walker instituted this suit in the county court of Cottle county, Tex., against the Browne Grain Company, a partnership, composed of C. V. Browne and E. P. Browne, of Collin county, Tex., seeking to recover the sum of $900, on account of breach of an alleged contract of sale of three cars of oats, alleging in the petition that on or about the 11th day of November, 1917, appellee and appellants entered into a contract in writing, whereby appellants obligated and bound themselves to deliver appellee three cars of No. 3 Northern oats, at Paducah, Texas, on November 17th, December 1st, and December 15th, respectively, said cars to contain 1,500 bushels of oats each, at the prices of 77 cents per bushel, delivered at Paducah. The appellants filed a plea of privilege to be sued in the county of their residence, which is in proper form, negativing a written contract to perform in Paducah, and further filed general and special answer in bar. The appellee Walker filed a reply to the plea of privilege, alleging that the suit was filed under exceptions of article 1830, subd. 5, R. C. S. The evidence taken upon the plea of privilege shows beyond controversy that the appellants, both C. V. and E. P. Browne, reside in Collin county, Tex., and did so at the time of the institution of the suit and at all times since the filing of the same, and so resided at the time of the filing and hearing of the plea. They also show that they were partners under the firm name of Browne Grain Company, with their place of business at McKinney, Collin county, Tex. The only ground relied upon as fixing the venue in Cottle county is the fifth exception to article 1830, R. C. S., which provides that, where a person has contracted in writing to perform an obligation in any particular county, suit may be brought therein. The writing relied on is based upon letters which we quote below, or so much thereof as is deemed necessary:

"Brown Grain Co., Receivers and Shippers of Wholesale Grain Feed and Hay.

"Quotations Subject to Confirmation.

"Mr. S. E. Walker, Paducah, Texas—Dear Sir: Referring to your letter of the 7th, we can make you some No. 3 White Oats, even wt. bags for Dec. shipment, at 77 cents delivered there. * * *

"[Signed] Browne Grain Co."

To which the appellee replied:

"Browne Grain Co., McKinney, Texas—Gentlemen: Please ship me on or about the 17th day of November, one car number three (3) White Northern or Texas oats (Texas preferred) sacked 5 bu. to sack, good sacks, 77 cents delivered. Also book me for two cars same oats to be shipped as follows: One car Dec. 1st, one car Dec. 15, 1917, price 77 cents delivered Paducah, Texas, as per your letter this date, these orders will be taken care of, always in shipping me, make draft through the First State Bank here.

"Yours truly, S. E. Walker."

[1-3] The question is: Did this correspondence make a contract in writing to be performed at Paducah, Cottle county, where the suit was instituted? Our Supreme Court has said:

"To make a contract there must be a mutual assent. The assent must comprehend the whole of the proposition; it must be exactly equal to its extent and provisions, and it must not qualify them by any new matter." Summers v. Mills, 21 Tex. 77; Walker v. Denison, etc., 178 S. W. 556; Ingham v. Cisco Oil Mill Co., 38 Tex. Civ. App. 608, 86 S. W. 630; Ry. Co.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. Columbus Rolling-Mills Co., 119 U. S. 149, 7 Sup. Ct. 168, 30 L. Ed. 377; Eliason v. Henshaw, 4 Wheat. 225, 4 L. Ed. 556; Connell v. Nickey, 167 S. W. 313-320; Harmon on Contracts, § 71 et seq.; Page on Contracts, § 44 et seq.; Elliott on Contracts, § 36 et seq.

The "proposition," if such it is to be termed, made by appellant, was to sell No. 3 oats at 77 cents for December shipment. The acceptance was for one car at 77 cents shipped on or about the 17th of November; the other two cars December 1st and December 15, 1917. This acceptance, we think, was not "exactly equal in extent and provisions," but "qualified them" by the "new matter." Neither did the proposition as made authorize the acceptance of a shipment of oats in five-bushel sacks and good sacks. Appellants proposed to ship the oats in even weight bags. Now it is possible the appellants, in making the proposition, understood that they could not procure oats for November delivery or shipment and hence proposed for delivery in December, or that the price for November would be different from that in December. They did not propose any day or any particular day in December, but a shipment and delivery in that month would have complied with their proposition. Magnolia Cotton Oil Co. v. Continental Oil Co., 183 S. W. 10; 35 Cyc. 177. Appellee's acceptance required shipment for December to be on or before the 1st and 15th, respectively.

Again, the even weight sacks or bags were not specified in the proposition. If appellant could get only either two, three, four, or five bushel bags, they had the right to do so, and therefore have even weight bags. This privilege was left to them, but the acceptance required five bushel sacks, and, if the appellant did not have them or could not get that quantity sacks, then they could not accept and would not have been authorized to ship in any other sacks, even if all such shipments had been in even weight bags.

On the letter, or proposition, and as a part thereof, it had the statement: "Quotation subject to confirmation." It is insisted by appellant that this was a condition annexed to their proposition, which required confirmation of the acceptance before a contract would be consummated. If such was its effect, it would be a condition precedent necessary to complete a contract of sale. Under the facts introduced on the plea, we do not undertake to determine what effect this notation had upon the contract. The correspondence, as shown by this record, apparently brings it within that class of cases where communications stating the terms upon which goods may be ordered, and which are regarded merely as an invitation to enter into negotiations, so that an order given pursuant to their terms does not complete a contract. If any part of it is left open for future agreement, a contract does not arise, and it would appear that such effect should

be given to the negotiations in this case. Brillhart v. Beever, 198 S. W. 973-975; Watkins v. Campbell, 100 Tex. 542, 101 S. W. 1078.

[4] We have reached the conclusion that there was no written contract to be performed in Paducah, Cottle county, as shown by the evidence on the plea of privilege, and the trial court should have sustained the plea. Merchants' Reciprocal Underwriters v. First Nat. Bank, 192 S. W. 1098, 1101, (3).

It is therefore the order of this court that the case be reversed, with instructions to the trial court that he sustain the plea and change the venue to Collins county, Tex., as required by the statute. The other assignments presented by appellants as to the correctness of the judgment of the trial court on the merits, will not be considered, as sustaining the plea of privilege ousts the court of jurisdiction over the person of the appellants, and no valid judgment could be rendered for any amount.

Reversed, with instructions.