WESTERN UNION TELEGRAPH CO. v.
HOLCOMB. (No. 2170.)

(Court of Civil Appeals of Texas. Amarillo. June 20, 1923.)

1. Telegraphs and telephones &⊃65(6)—Recovery can be had only on case made by pleadings.

One suing a telegraph company for damages growing out of its disclosure to third parties of certain telegrams, which disclosures resulted in the failure of a certain contract to purchase an oil lease, is limited to the case made by his pleadings, and cannot base recovery on a contemplated sale to any other than the person named.

2. Telegraphs and telephones &⊃53—Injury from disclosure of telegram must be shown.

To recover of a telegraph company damages for the disclosure to a third party of a tele-gram, which disclosure resulted in the failure of a sale, plaintiff, a broker, must plead and prove that the purchaser was ready, willing, and able to buy on the terms stated, or that the contract was executed by the authority of the owner, or subsequently ratified by him.

3. Brokers &⊃100—Broker's unauthorized contract to sell realty a nullity, unless ratified by owner.

A contract for the sale of realty made by a broker, without express authority of the owner, is a nullity, unless subsequently ratified by the owner.

4. Telegraphs and telephones &⊃53—Lack of good faith in broker held to preclude recovery for disclosure of telegram.

In an action by a realty broker against a telegraph company to recover damages for the disclosure to third persons of telegrams, which disclosure resulted in the failure of a sale of a 30-acre tract listed with him at $350 per acre net to owner, where the broker, after receiving an offer of $400 per acre, advised the owner to accept a cash offer of $8,500 and to pay him a 10 per cent. commission, there was such a want of good faith toward his principal as would defeat his right to recover any sum.

Appeal from District Court, Wichita County; Orus O. Ross, Judge.

Action by Guy R. Holcomb against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Cook, Spencer & Bailey and Harwood Stacy, all of Wichita Falls (Francis R. Stark, of New York City, of counsel), for appellant.

Weldon, McDonald & Cummings and Davenport & Thornton, all of Wichita Falls, for appellee.

HALL, C. J. Holcomb sued the telegraph company to recover $1,500 damages on account of permitting one Paul Block to read a telegram sent by W. K. McKinley, of Las Vegas, N. M., to appellee at Wichita Falls, Tex., authorizing him to offer for sale a 30-acre oil lease owned by McKinley at $350 per acre, by reason of which appellee, as a broker, failed to consummate the sale. He alleges in substance that on or about the 5th day of January, 1921, while engaged as a real estate broker at Wichita Falls, doing business under the name of the Bonded Abstract Company, W. K. McKinley, the owner of the said lease, situated in Wichita county, listed the same with him for sale at $350 per acre net to McKinley; that on said date he entered into a valid contract with one S. E. Arnold, binding the said Arnold to purchase said lease at the sum of $400 per acre, and required Arnold to put up a forfeit guaranteeing his fulfillment of the contract; that after the contract was executed, and the forfeit put up, appellee delivered to appellant a certain telegram, addressed to

McKinley at Las Vegas, advising that he had sold the 30 acres at $350 per acre net to Arnold, and that, but for the acts of the appellant in showing his telegram to the said Block, McKinley would have conveyed the lease to Arnold in compliance with the contract, for a consideration of $350, resulting in a commission to the appellee of $1,500 for his services in procuring the sale; that after he had delivered said telegram for transmission, and paid appellant the fee, appellant's agents, without his authority, showed this and other telegrams sent by McKinley to appellee to Paul Block, who was a competitor of appellee; that the said Block, after reading said telegrams, communicated with McKinley and caused the latter to refuse to carry out the contract of sale negotiated by appellee with the said Arnold, and because of the wrong of appellant's said employees the trade was never consummated, to appellee's damage in the sum of $1,500. The telegraph company answered by general denial, and specially alleged that the damages claimed by appellee did not fairly arise from the matters stated, and could not have been contemplated by appellant as likely to result from allowing the telegrams to be read; that divulging the contents of such messages was not the proximate cause of appellee's damages, but that his damages, if any, resulted from his own negligence in not endeavoring to close the sale after he learned that Paul Block had read the telegrams; that the contract between McKinley and Arnold was not an enforceable contract, and would not be a sufficient basis for a suit by appellee for any sum. There was a trial to the court without a jury, resulting in a judgment for appellee for the sum of $1,500.

The material facts disclosed by the record are that at 10:19 a. m. January 5, 1921, appellee wired McKinley at Las Vegas, as follows:

"Wire best proposition. Think can close deal to-day."

At 12:39 p. m. McKinley replied by wire to appellee as follows:

"Offer thirty acres lease $350.00 acre net, immediate acceptance. Wire change of making sale."

At 12:43 Paul Block wired McKinley:

"Sold your land for nine thousand dollars cash. Send abstract to me care of Kemp Hotel. One thousand escrow and forfeit money in bank till abstract received and title proved clear. Wire acceptance."

At 3:36 p. m. appellee wired McKinley:

"Have offer of $8,500.00 cash. Would advise acceptance. You pay us ten per cent. commission. Wire."

At 6 p. m. appellee received wire from McKinley:

"Deliver abstract of thirty acre lease to Paul Block."

At 6:27 p. m. appellee wired McKinley:

"Have sold thirty acres for three hundred and fifty per acre net to you as per telegram."

It appears that Paul Block, another real estate broker in Wichita Falls, during the absence of the manager of the telegraph company, induced an inexperienced clerk in the company's office at Wichita Falls, by representing himself to be one of the firm of the Bonded Abstract Company, to show him the message received from McKinley at 12:39 p. m., quoting the price of $350 per acre. Appellee testified that in the afternoon, before he received the message to deliver the abstract to Block, he entered into a written contract of sale with S. E. Arnold to convey to the latter the said lease at $400 per acre, and required Arnold to put up $500 as a forfeit. Neither McKinley, Arnold, nor Block testified in the case. The appellee testified that he could have sold the lease a dozen times during the day; that there was great excitement by reason of an oil well coming in in that neighborhood; that he did not turn the abstract over to Paul Block, as directed by McKinley, but recognized McKinley's telegram, directing him to do so as the termination of his authority, and that thereafter he did nothing toward closing the deal; that he entered into the contract with Arnold after he had received authority to sell.

[1] Appellee may recover only upon the case made by his pleadings. He bases his right to damages upon the allegation that the sale to Arnold was defeated by the wrongful act of appellant's employees in showing certain telegrams to Block. He does not allege that any contemplated sale to any person other than Arnold was defeated thereby.

[2-4] In order to recover upon the fact that the Arnold sale was not made, he must plead and prove that Arnold was ready, willing, and able to buy the lease upon the terms stated, or that the contract of sale, which he made with Arnold, was executed by the authority of McKinley, or subsequently ratified by him. Having failed to show either state of facts he cannot recover. 9 C. J. pp, 595, 596, 599, 608, and 609. It does not appear that appellee was authorized to enter into a binding contract to sell the land to any one. Without express authority to this extent having been conferred upon him in the beginning, the contract is a nullity unless subsequent ratification by McKinley is shown. Colvin v. Blanchard, 101 Tex. 231, 106 S. W. 323; J. B. Watkins L. M. Co. v. Campbell, 100 Tex. 542, 101 S. W. 1078; Donnan v. Adams, 30 Tex. Civ. App. 615, 71 S. W. 580; Weatherhead v. Ettinger, 78 Ohio St. 104, 84 N. E. 598, 17 L. R. A. (N. S.) 210. If appellee

knew that he could sell the land to Arnold at $400 per acre when he sent the telegram at 3:36 p. m. advising McKinley to accept $8,500 cash and pay him 10 per cent. commission, there is such a want of good faith shown toward his principal as would defeat his right to recover any sum.

For the reasons stated, the judgment is reversed, and the cause remanded.