Jeri SWEENEY, Appellant,

v.

W. A. "Dub" CROSS, Individually and d/b/a
Cross Answering Service, Appellee.

No. 6208.

Court of Civil Appeals of Texas,
El Paso.

Jan. 5, 1972.

Rehearing Denied Feb. 16, 1972.

Robert L. Evans, Jr., Midland, for appellant.

Leonard Howell, Midland, for appellee.

## OPINION

PRESLAR, Justice.

Appellant-Plaintiff, Jeri Sweeney, brought suit against W. A. "Dub" Cross, d/b/a Cross Answering Service, Appellee-Defendant, alleging an existing contract between the two parties whereby Appellee was to purchase Appellant's telephone answering service. The trial Court upon Defendant-Appellee's motion, withdrew the case from the jury and granted judgment for Appellee. We affirm in part and reverse and remand in part.

The record reflects that Appellant was the owner and operator of a small telephone answering service in Midland consisting of approximately "32 customers". Appellant also was engaged in furnishing various secretarial services consisting mainly of typing. Appellee also managed and operated a telephone answering service in the City of Midland, and began discussing the removal of Appellant's answering service to his place of business "in the latter part of May and the first part of June" 1969. The record further reveals that Appellant was required to be out of her leased premises by June 15, 1969, as the building was in the process of being razed.

Appellant alleges the following three points of error:

(1) That Appellant was entitled to reasonable attorney's fees for personal services rendered;

(2) That Appellee engaged in fraudulent representations to Appellant causing her to do or refrain from doing certain acts, such representations being fact issues for the jury; and,

(3) A fact issue should have been submitted to the jury in connection with the number of hours Appellant worked for Appellee.

We are confronted with the issue of whether or not the negotiations engaged in by Appellant and Appellee constituted a binding contract, and secondly, if representations made by Appellee were sufficient to constitute an element of fraud. Appellant and Appellee engaged in several conversations relating to the purchase of Appellant's business. Appellant testified in regard to the purchase price that:

"Q. All right. Did you discuss at that time, the purchase of the business?

A. A purchase price was never established because I wanted to see how many customers I held before Mr. Cross would have to pay. I did not want him to pay for something he did not get."

Appellant's pleadings and repeated testimony is that no purchase price was ever agreed upon. Also, there was never any discussion by the parties of any system or basis for arriving at a price at a later date. More important, there is simply no evidence of an agreement by Appellant to sell and Appellee to buy. The testimony as to their discussions or negotiations is conclusive in that regard. The only evidence otherwise is the fact that some arrangement was entered into because the answering service was moved to Appellee's residence. However, that arrangement as carried out by the parties negates any suggestion of a purchase-sale. Appellee bore all of the expenses of new five year leases of the phones and provided a place for operation of the business, and he employed the Appellant as an operator. She later resigned that position by a cordial letter to Appellee which contained no mention of a contract or agreement.

Clearly, the basic elements of a binding contract were lacking. It is evident that essential terms of the agreement were left open for future negotiations. Under these circumstances, a binding contract was not effectuated. Page & Wirtz Construction Co. v. Van Doran Bri-Tico Co., 432 S.W. 2d 731, Tex.Civ.App. (1968) (ref. n. r. e.); 17 Am.Jur. 2d, Sec. 26, p. 362; 13 Tex.Jur. 2nd, Contracts, Sec. 14, p. 127. See also J. C. Engelman, Inc. v. Sanders Nursery Co., Inc., 140 S.W.2d 500, Tex.Civ. App. (error refused), and Smulcer v. Rogers, et al., 256 S.W.2d 120, Tex.Civ.App. (ref. n. r. e.). The element of mutual assent is neither present nor inferred.

Another general rule of contract law is that to make a contract, there must be mutual assent; that assent must comprehend the whole of the proposition; must be equal to its extent and provisions; and it must not qualify them by any new matter. S. H. Summers v. Robert Mills & others, 21 Tex.Rep. 77, 78, 88 (Tex.1858);

Browne Grain Co. v. Walker, 206 S.W. 859 (Tex.Civ.App., Amarillo, 1918). Page & Wirtz Construction Co. v. Van Doran Bri-Tico Co. (Supra).

■ Further, the record reveals no indication of either actual or constructive fraud. Appellee incurred an expense of $172.00 to pay for the telephone removal, and paid approximately $620.00 for curbing and paving for the benefit of Appellant's secretarial customers. In addition, Appellee signed a five (5) year contract with the telephone company for the twenty-six additional lines and switchboard. Under the circumstances, we hold there was no existing contract between Appellant and Appellee; that there was no actionable fraud.

Appellant's reference to Stanfield v. O'Boyle, 462 S.W.2d 270, is misplaced. The Supreme Court in Stanfield, supra, stated:

"The principal question before us, therefore, is whether the trial court's findings of fraud are supported by evidence of probative force."

In the case at bar, the trial Court, by its directed verdict, found no evidence of fraud, and we agree. The record reveals no promise of Appellee to purchase the Appellant's business.

■ Appellant's claim for attorney fees must rest with Art. 2226, Vernon's Ann. Civ.St. and under that Statute, she would be entitled to attorney fees only if recovery was had against Appellee. Having recovered nothing under the judgment, she is not entitled to attorney fees. This holding does not preclude recovery under proper pleadings and proof on another trial, as to wages earned.

■ Appellant worked for Appellee from June 20, 1969, through July 7, 1969, at a wage rate of $1.75 per hour. She was tendered payment in the amount of $203.00, but refused it. There is a fact question as to the number of hours actually worked,

and the Court erred in directing a verdict on that phase of the case. However, the claim for wages earned is clearly severable from the claim for breach of contract and fraud. We therefore remand for trial, Appellant's claim for wages earned.

The judgment of the trial Court that Appellant recover nothing under her claim for breach of contract and fraud is affirmed, and that portion of the judgment that she take nothing on her claim for wages earned is reversed and remanded for trial.