Marvin L. MYERS and Mary B. Davis d/b/a Mary B. Davis Catering, Appellant,

v.

Harold H. GINSBURG, Michael A. Reilly, the Ryan Companies, Marcus Ginsburg, Ginrei Enterprises, Inc., Profit Sharing Plan Trust, Ginrei Enterprises, Inc., Money Purchase Pension Trust, Mare Investments, Inc., Profit Sharing Plan Trust, and Mare Investments, Inc., Money Purchase Pension Trust, Appellees.

No. 05–86–00538–CV.

Court of Appeals of Texas, Dallas.

July 22, 1987.

Marta L. Engle, Dallas, for appellant.

Michael J. Quilling, Dallas, for appellees.

Before STEWART, ROWE and DEVANY, JJ.

STEWART, Justice.

Marvin L. Myers and Mary B. Davis, doing business as Mary B. Davis Catering, appeal from a judgment non obstante veredicto granted in favor of Harold A. Ginsburg, et al., (Ginsburg) in a landlord-tenant dispute. Because the trial judge erred in refusing to submit certain special issues requested by appellants, we affirm in part and reverse and remand for a new trial in part.

From October 1981 until August 1984, Myers and Davis, as tenants, operated a restaurant and catering business on Ginsburg's property, pursuant to the terms of a written lease. In December 1984, Myers removed some equipment from the leased premises. The tenants then defaulted by failing to pay the January 1985 rent when due. Later in January, Davis was attempting to remove more of the equipment on the leased premises when Ginsburg appeared and demanded that she cease removing the equipment because it was subject to his landlord's lien for rent. Ginsburg also asked Davis to deliver possession of her keys to the premises to him, and she complied by surrendering her keys.

Ginsburg took possession of the equipment, but he neither returned it to Myers and Davis nor sold it. Instead, Ginsburg filed this suit against Myers and Davis, seeking to recover a judgment for the arrearage in rent of $5,250 and for taxes and insurance premiums, which the tenants were required to pay, in the amount of $3,542.67. Myers and Davis filed an answer to Ginsburg's action, a counterclaim against Ginsburg, and a third-party action against the other named appellees. Myers and Davis asserted that Ginsburg acted on behalf of and as an authorized agent for the other appellees and that they, therefore, were equally liable for Ginsburg's actions. Myers and Davis alleged that Ginsburg (1) breached the lease, (2) converted their equipment, and (3) violated the Texas Deceptive Trade Practices Act (DTPA).

At trial, both the tenants and the landlord moved for a directed verdict and requested special issues framing their respective theories of the case. The trial court granted a partial directed verdict for Ginsburg on the counterclaims, refused to submit any of Myers and Davis' special issues, and submitted Ginsburg's special issues to the jury inquiring, inter alia, as to the amount of rent, taxes, and insurance due and owing from Myers and Davis to Ginsburg. The jury found no rent due and owing and found $300 due and owing for taxes and insurance premiums. Ginsburg then filed his motion for judgment n.o.v., seeking to have the trial court disregard the jury's answers regarding rent, taxes, and insurance, and to award Ginsburg the amounts he had alleged. The court granted the motion and entered judgment in favor of Ginsburg.

■ In their first point of error, Myers and Davis contend that the trial court erred in disregarding the jury's findings as to rent and granting judgment n.o.v., because the evidence was sufficient to prove that the fair market value of the trade fixtures and equipment kept by the landlord exceeded the amount of unpaid rentals and because the jury could properly set off or credit the value of the equipment against the rent when finding the amount of rent "due and owing." The question of whether the lease required a credit against rent for the fair market value of the tenants' equipment is a question of interpretation of the lease and, therefore, a question of law to be decided by the court rather than the jury. *Davis v. Andrews,* 361 S.W.2d 419, 424 (Tex.App.—Dallas 1962, writ ref'd

n.r.e.) Since the amount of the rent, aside from the question of credit or offset, was admitted by Myers and Davis to be in the amount alleged by Ginsburg, the trial court did not err in disregarding the jury's answer that no rent was due and owing.

■ Myers and Davis also argue that they are entitled, as a matter of law, to an offset or credit against the rent, taxes, and insurance premiums because, when Ginsburg took possession of their equipment pursuant to his landlord's lien for rent, he was required either to sell the equipment and credit them with the net proceeds or to retain the equipment and credit its fair market value against the rent. We disagree. The tenants' right to a set-off or credit is based on their claim for damages arising from the independent causes of action that they have alleged in their counterclaim. The right to recover such damages does not have the legal effect of a payment or furnish a ground for the reduction, by way of recoupment or abatement, of the amounts due the landlord under the lease. *Morriss-Buick Co. v. Davis*, 127 Tex. 41, 43, 91 S.W.2d 313, 314 (1936); *Ammons v. Beaudry*, 337 S.W.2d 323, 324 (Tex.Civ. App.—Fort Worth 1960, writ ref'd). Consequently, Myers and Davis have no right to an automatic offset or credit against the claim for rent but may be entitled to offset a judgment for the value of the equipment against the landlord's judgment for rent should they prove a cause of action for damages as they have alleged. The trial court's judgment in favor of Ginsburg for the amount of rent, taxes, and insurance premiums is, therefore, affirmed and the first point of error is overruled.

Next, Myers and Davis contend that the trial court erred in granting Ginsburg's motion for judgment n.o.v. because paragraph 8 of the lease agreement, which Ginsburg argued deprived the tenants of any right to offset or credit, was a liquidated damage clause or a penalty. Paragraph 8 states:

> At the expiration or termination of this lease, tenant shall have the right to remove such items so installed provided tenant is not in default at the time of such removal. . . .

Myers and Davis argue that, if this paragraph is a liquidated damage clause, then Ginsburg's seizure of their equipment constitutes a full recovery for his damages arising from their default and the trial court erroneously allowed Ginsburg a double recovery in granting him judgment for rent. Alternatively, the tenants argue that the paragraph is a penalty because it allows forfeiture of the tenants' goods for any breach of the lease regardless of how minor the breach may be. If the paragraph is a penalty, Myers and Davis argue, it is unenforceable, and the landlord had no right to seize their equipment; therefore, the trial court erred in refusing to grant their motions for directed verdict and for judgment on the verdict. Ginsburg replies that the paragraph is a proper contractual agreement which forbids defaulting tenants from removing their property from the leased premises and which vests title to such property in the landlord upon default.

A lease will be given a reasonable construction that will carry out the intention of the parties, and in case of any doubt as to that intention, it will be construed most strongly against the lessor. *Frank v. Kuhnreich*, 546 S.W.2d 844, 848 (Tex.Civ. App.—San Antonio 1977, writ ref'd n.r.e.). Construction of a lease that is unreasonable or unequal should be avoided, and that construction which is most obviously just is to be favored. *Ervay, Inc. v. Wood*, 373 S.W.2d 380, 384 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.). In construing a paragraph in a lease, we must consider all provisions of the lease. *Fox v. Thoreson*, 398 S.W.2d 88, 91 (Tex.1966).

■ We hold that paragraph 8 is not a liquidated damages clause, a penalty, or a provision by which Ginsburg obtains title to the equipment through default. Rather, we construe this paragraph as effectuating paragraph 21 by prohibiting the tenant from disturbing the landlord's lien granted in paragraph 21 through removal of the tenant's property. Therefore, this paragraph is not dispositive of either the landlord's exercise of his lien or the tenants'

causes of action. Points of error two and three are overruled.

Next, Myers and Davis contend that the trial court erred in failing to submit special issues to the jury on their allegations of breach of contract, conversion of the equipment, and violations of the DTPA. Alternatively, they contend that the trial court erred in failing to grant their motion for directed verdict or motion for judgment on the verdict, because the facts show that, as a matter of law, Ginsburg breached the lease contract and converted the trade fixtures.

Myers and Davis' contention that Ginsburg breached the lease contract derives from the following language in paragraph 20 of the lease, setting out the landlord's remedies for the tenants' failure to pay rent:

> Landlord may, without prejudice to any other remedy which it may have for possession of the demised premises or arrearages in rent, enter upon and take possession of the demised premises and expel or remove Tenant and any other person occupying such premises or any part thereof, *through proper judicial procedures....*

(emphasis added). The tenants maintain that when Ginsburg expelled Davis and took possession of the leased premises without following any judicial procedure, Ginsburg breached the lease.

■ Ginsburg did not breach the lease in this respect because the requirement of judicial procedures never became operative. Immediately prior to the language cited by Myers and Davis, paragraph 20 provides:

> Upon the occurrence of any of the events of default listed in section 19, landlord shall have the option to pursue one or more of the following remedies without any notice or demand whatsoever:
>
> A. Terminate this lease, in which event tenant shall immediately surrender the demised premises to landlord. If tenant fails to so surrender such premises, landlord may ... enter upon and take possession of the demised premises and expel or remove tenant....

In this case, it is undisputed that Myers had removed equipment and vacated the premises prior to the date that Ginsburg confronted Davis. Davis had also ceased occupying the premises and had moved her business to a new location by that date. Further, it is undisputed that Ginsburg took no acts to expel Davis except for requesting that she give him the keys and refrain from entering the premises or removing any equipment in the future. Davis then gave the keys to Ginsburg. Consequently, we conclude that the tenants surrendered the premises to Ginsburg. *Edward Bankers & Co. v. Spradlin*, 575 S.W.2d 585, 587 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Cannon v. Freyermuth*, 4 S.W.2d 84 (Tex.Civ.App.—Dallas 1928, no writ). Since judicial procedures were only required should the tenants refuse to surrender the premises, Ginsburg did not breach the lease by failing to follow judicial procedures. The trial court did not err in failing to submit a special issue on Ginsburg's alleged breach of contract.

■ Myers and Davis next contend that Ginsburg converted their equipment by failing to follow judicial procedures when re-entering the leasehold and taking possession of the equipment and by failing to sell the said equipment and to credit the proceeds to the tenants' account for rent. We do not agree that Ginsburg's failure to follow judicial procedures in entering and taking possession of the equipment amounted to a conversion, because he had the right to take such action under the terms of the lease. *Cf. Sunray Enterprises, Inc. v. Rosenaur*, 335 S.W.2d 670, 672 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r. e.). Ginsburg took possession of the equipment pursuant to the landlord's lien expressed in paragraph 21 of the lease. That provision allows the landlord, on default, to "enter upon the ... premises and take possession of ... equipment...." This provision contains no requirement that the landlord follow judicial procedures prior to re-entry for the purpose of exercising his landlord's lien. Since the evidence shows that Ginsburg re-entered the leased premises for that purpose, his exercise of domin-

ion over the equipment was not conversion. *Id.*

■ However, the fact that the lease authorized Ginsburg to re-enter the premises and take possession of the equipment did not confer on him the right to take the equipment and hold it indefinitely without sale, credit, or payment of any surplus by which the value of the equipment exceeded the amount due for rent. Where a landlord's lien is foreclosed through sale of the property attached under said lien, or through a judgment of court, the tenant is entitled to have the sale proceeds, or the value of the property, credited against his arrearage for rent and to have any surplus paid to him. *Phil H. Pierce Co. v. Rude*, 291 S.W.2d 974, 976 (Tex.Civ.App.—Dallas 1927, writ dism'd).

■ Paragraph 21 of this lease also provides for a contractual lien and states that proceeds of a sale of the property subject to the contractual lien shall be credited to the amount due for rent and any surplus shall be paid to the tenant. With regard to foreclosure of other types of liens on chattels, the person holding the security interest must not only credit proceeds and pay surplus but must also conduct a sale within a commercially reasonable time. TEX. BUS. & COM.CODE ANN. § 9.504 (Vernon 1987); *Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769, 771 (Tex. 1982). This requirement derives from the common law rule, applicable to all contracts, including leases, that an injured party has the duty to mitigate his damages. *Tackett v. Mid-Continent Refrigerator Co.*, 579 S.W.2d 545, 548 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.); *Kolbo v. Blair*, 379 S.W.2d 125, 132 (Tex.Civ.App. —Corpus Christi 1964, writ ref'd n.r.e.).

■ From the guidance furnished by these other rules of law, we construe paragraph 21 to impliedly require the landlord to conduct a sale of the lien property within a commercially reasonable time from the date on which he first exercised dominion over the property. We hold that the failure of the landlord to conduct such a sale within a commercially reasonable time subjects him to liability to the tenant for con-

version of the entire value of the property. Accordingly, we reverse the judgment of the trial court that Myers and Davis take nothing on their counterclaim for conversion and remand that cause of action to the trial court for a new trial.

■ Next, Myers and Davis contend that the trial court erred in refusing to submit issues to the jury based upon their allegations that Ginsburg violated the DTPA by expressly or impliedly representing that he had a right to re-enter and take possession of the equipment without following proper judicial procedures and that he had a right, under the lease, to retain their equipment without selling same or crediting tenants with its fair market value. The transaction between the parties in this case involved the lease of real property and was, therefore, subject to the provisions of the DTPA. TEX.BUS. & COM. CODE ANN. § 17.45 (Vernon 1987). Conduct that is either false or that has the capacity to deceive or mislead, as well as express misrepresentations, can form the basis of a cause of action under the DTPA. *Chrysler-Plymouth City v. Guerrero*, 620 S.W.2d 700, 705 (Tex.Civ.App.—San Antonio 1981, no writ). The DTPA proscribes representations that a contract has or involves rights, remedies, or obligations which it does not have or involve. TEX. BUS. & COM.CODE § 17.46(b)(12) (Vernon 1987). Myers and Davis were entitled to have the jury decide whether Ginsburg's retention of their property and his failure to sell same or credit its value against the amounts owed by the tenants was a violation of the act. Accordingly, that portion of the judgment denying Myers and Davis relief based upon alleged violations of the DTPA is reversed and remanded to the trial court for a new trial.

■ In point of error five, Myers and Davis contend that Ginsburg made an excessive demand on them prior to suit and is thus barred from recovering attorney's fees. This point is based on their contention that Ginsburg was in possession of their equipment, which allegedly had a value in excess of the rent due, and that any

**606**

claim for rent was prima facie excessive. We do not agree. We have held that the landlord's action for rent is separate and apart from the tenants' counterclaims for damages. Since the attorney's fees were awarded by the trial court for representation of Ginsburg in his claim for rent, they were proper. Point of error five is overruled.

Finally, Myers and Davis argue that they were entitled to attorney's fees for prosecution of their counterclaim for breach of contract. Since they have not prevailed on this cause of action, Myers and Davis are not entitled to attorney's fees based on that claim. *Sweeney v. Cross*, 476 S.W.2d 464, 466 (Tex.Civ.App.—El Paso, 1972 no writ). Consequently, point of error six is overruled.

The judgment in favor of Ginsburg for rent and attorney's fees is affirmed. The judgment of the trial court that Myers and Davis take nothing on their cause of action for breach of contract is affirmed. The judgment of the trial court that Myers and Davis take nothing on their causes of action for conversion and violation of the DTPA is reversed and remanded for new trial in accordance herewith.

AFFIRMED in part and REVERSED and REMANDED in part.