Paul ADAMS, Sr., Appellant,

v.

B.J. WALDROP, Arthur Waldrop, and
Joe A. Waldrop, Appellees.

No. 08–87–00055–CV.

Court of Appeals of Texas,
El Paso.

Oct. 14, 1987.

Gloria T. Svanas, Odessa, for appellant.

Bill G. Alexander, Law Offices of Bill Alexander, P.C., Odessa, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

A guarantor appeals from a judgment in favor of co-guarantors who satisfied a note which was in default. We reverse and render.

Texas Commerce Bank filed suit against the maker of a note and also against Paul Adams, B.J. Waldrop, Arthur Waldrop and Joe A. Waldrop, each of whom signed a guaranty agreement to guarantee payment of the note. The bank conducted a foreclosure sale and sought to recover a deficiency after crediting the proceeds of the sale to the balance due on the note. The Waldrops paid the bank and sought in a cross-action to recover a pro rata part of that payment from Adams. By answer, Adams alleged the collateral had not been sold in a commercially reasonable sale. The court submitted, among others, the following issues which the jury answered as indicated:

### ISSUE NO. 3

Answer the following issue by writing in appropriate answer, either "Yes" or "No".

Do you find from a preponderance of the evidence:

(a) That TEXAS COMMERCE BANK–ODESSA, Odessa, Texas, failed to act in

a commercially reasonable manner in connection with the private sale of the assets of AUTO & INDUSTRIAL, INC.?

ANSWER: Yes

If you have answered (a) "Yes" answer (b). Otherwise go to Special Issues [sic] No. 4.

(b) That TEXAS COMMERCE BANK's failure to dispose of the collateral in a commercially reasonable way resulted in the collateral being sold for less than its fair market value?

ANSWER: No

If you have answered (b) "Yes" answer (c). Otherwise do not.

(c) Find the fair market value of the collateral at the time of private sale by the TEXAS COMMERCE BANK. Answer in terms of dollars and cents:

ANSWER: ____

ISSUE NO. 4

Answer the following issue by writing in appropriate answer, either "Yes" or "No".

Do you find from a preponderance of the evidence:

That TEXAS COMMERCE BANK—ODESSA gave PAUL ADAMS, SR. reasonable notification of the terms of the private sale to Danny Walker.

ANSWER: Yes

By two points of error, the Appellant attacks the judgment of the trial court in favor of the Waldrops, and asserts the jury's answers support a judgment for him.

The Business and Commerce Code Section 9.504(c) provides that any sale of collateral "must be commercially reasonable." This provision also requires notice to the debtor, with some exceptions. The jury found the bank gave notice of the sale, but also found the bank failed to act in a commercially reasonable manner in connection with the sale of the collateral. Having paid the deficiency, the Waldrops claim to stand in the shoes of the bank insofar as having a right to enforce the guaranty agreement against Adams.

In *Tanenbaum v. Economics Laboratory, Inc.*, 628 S.W.2d 769 (Tex.1982), the Court in an opinion by Justice Wallace said:

Section 9.504 gives the creditors the widest leeway in choosing whatever means of disposition of the collateral he considers most advantageous. He may dispose of it by public or private proceedings, in bulk or by lots, at any time or place and on any terms. *The only limits on the creditor's disposition of the collateral is that it must be commercially reasonable,* and must be made only after notification to the debtor if required by Section 9.504. *Then and only then is he entitled to sue for a deficiency.* [Emphasis added.]

The court in *Sunjet, Inc. v. Ford Motor Credit Company*, 703 S.W.2d 285 (Tex. App.—Dallas 1985, no writ), held that the burden of proof on the issue of commercial reasonableness is on the secured party. The special issue in this case placed the burden on the debtor; nevertheless, there was a favorable finding for the debtor.

■■ The Appellees argue that such finding is rendered immaterial because of the jury's answer to Special Issue No. 3(b). Again, the burden of proof was misplaced. The "no" answer is only a finding that the party with the burden of proof failed to carry that burden. *Grenwelge v. Shamrock Reconstructors, Inc.*, 705 S.W.2d 693 (Tex.1986); *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966). A party may not rely upon the jury's negative answers to defensive issues to support a plaintiff's claim for affirmative relief. *Morris v. Holt*, 714 S.W.2d 311 (Tex.1986). The requirements of Section 9.504 which apply to a debtor also apply to a guarantor of a secured transaction. *Peck v. Mack Trucks, Inc.*, 704 S.W.2d 583 (Tex.App.—Austin 1986, no writ). Thus, Adams was entitled to rely upon the Code requirements that any sale of security for the debt which he guaranteed be conducted in a commercially reasonable manner. The jury found it was not and that he was entitled to judgment based upon jury findings which are not attacked by the Appellees in cross-

points of error. Appellant's two points of error are sustained.

The judgment of the trial court is reversed and judgment is rendered that Appellees take nothing from the Appellant.