Conrad SCHMID, Appellant,

v.

TEXAS COMMERCE BANK—FORT WORTH, N.A., Appellees.

No. 2–94–281–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 9, 1995.

Rehearing Overruled Dec. 21, 1995.

Robert L. Hoffman, Dallas, for Appellant.

Robert P. Shepard, Paul H. Cross, Parks, Huffman, McVay & Shepard, Arlington, for Appellees.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

Conrad Schmid, defendant below, appeals a summary judgment granted for Texas Commerce Bank—Fort Worth, N.A., which had sued Schmid on a note secured by shares of stock. In two points of error, Schmid claims: (1) the trial court incorrectly granted Texas Commerce's motion for summary judgment on the note because there were genuine issues of material fact and the bank was not entitled to summary judgment as a matter of law; and (2) the trial court erred in granting summary judgment for the bank denying Schmid's counterclaim. Because we find no material facts were in question and that the bank was entitled to judgment as a matter of law, we affirm.

## BACKGROUND

Schmid borrowed $114,000.00 from Texas Commerce Bank and secured the note with 7,892 shares of Landmark Financial Group, Inc. stock. The pledge agreement gave Texas Commerce "sole and uncontrolled discretion" to sell the shares at public or private sale and at such prices "as may seem best." The loan was due, and Schmid defaulted on, May 1, 1990. Texas Commerce chose not to sell the stock shares, but retained them in its possession. Texas Commerce sued to recover the balance owed and moved for summary judgment on January 19, 1994. On March 3, 1994, Schmid filed a counterclaim, alleging conversion of the stock pledged to secure the note and failure to dispose of the stock in a commercially reasonable manner. The bank's summary judgment as to its suit on the note was granted. The bank then moved for summary judgment as to the counterclaim, and this summary judgment was granted as well.

## ELECTION OF REMEDIES

■ The primary issue before us is whether the bank was required under article 9 of the Business and Commerce Code to sell or otherwise dispose of the pledged stock prior to maintaining an action to recover a judgment against Schmid for the balance owed under the promissory note.

Although Schmid argues that there were disputed fact questions, he fails to highlight any that precluded summary judgment. Instead, he contends that the bank should have sold the stock collateral before suing him on the note. In his brief, he asserts that the bank should have, but failed to, dispose of the collateral in a commercially reasonable manner, citing *Carroll v. Gen. Elec. Credit Corp.*, 734 S.W.2d 153 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Tanenbaum v. Economics Lab., Inc.*, 628 S.W.2d 769, 771 (Tex.1982); *Daniell v. Citizens Bank*, 754 S.W.2d 407 (Tex.App.—Corpus Christi 1988, no writ); *Texas Nat'l Bank v. Karnes*, 711 S.W.2d 389 (Tex.App.—Beaumont 1986), *rev'd & vacated in part on other grounds*, 717 S.W.2d 901 (Tex.1986); *FDIC v. Moore*, 846 S.W.2d 492 (Tex.App.—Corpus Christi 1993, writ denied); *Myers v. Ginsburg*, 735 S.W.2d 600 (Tex.App.—Dallas 1987, no writ); *Plato v. Alvin State Bank*, 775 S.W.2d 861 (Tex.App.—Houston [1st Dist.] 1989, no writ); and *Adams v. Waldrop*, 740 S.W.2d 32 (Tex.App.—El Paso 1987, no writ).

■ Section 9.501(a) of the Texas Business and Commerce Code allows a secured party to reduce its claim to judgment, foreclose or enforce the security interest by any available judicial procedure. Tex.Bus. & Com.Code Ann. § 9.501(a) (Vernon 1991). We also remind Schmid that section 9.504 of the Business and Commerce Code, a provision on which he relies heavily, does not *require* but rather *allows* a secured party to sell the collateral.

■ The bank, in its brief, properly distinguishes the authorities relied on by Schmid from the instant facts. *Carroll, Karnes, Plato,* and *Adams* all involved situations where the collateral was sold or otherwise disposed of. The language used in *Tanenbaum* and

*Daniell* establishes that the collateral was sold, because in each of those cases, the courts discuss whether the sale held was commercially reasonable. *Tanenbaum,* 628 S.W.2d at 772; *Daniell,* 754 S.W.2d at 410. *Myers,* which is also factually distinguishable, involved a landlord-tenant dispute where the landlord took possession of equipment and failed to sell it within a commercially reasonable time as required by the lease; the landlord faced a conversion claim. *Myers,* 735 S.W.2d at 605. None of these cases actually requires a secured party to first sell collateral before suing on a note. We read section 9.504 as requiring the secured party to dispose of the collateral in a commercially reasonable manner *if* it chooses to liquidate the collateral instead of, or in addition to, pursuing other means of recovering the debt. *See FDIC v. Floyd,* 854 F.Supp. 449, 452 (N.D.Tex.1994).

## SUMMARY JUDGMENT

■ In a summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant; *Acker v. Texas Water Comm'n,* 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue to a material fact are resolved against movant. *Cate,* 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

■ In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.,* 480 S.W.2d 176, 178 (Tex.1972). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47.

The bank filed its motion for summary judgment claiming that it was the sole owner and holder of the note signed by Schmid, that Schmid defaulted, and that the bank demanded payment. In his response to the bank's Motion for Summary Judgment, Schmid claimed: (1) that the bank suing him was not the one which had originally agreed to the loan; (2) that the attorney fees sought by the bank were unreasonable; (3) that the supporting affidavit was inadequate; and (4) that the bank should have sold the stock pledged to secure the note to either pay the note or substantially reduce Schmid's indebtedness. In its reply to Schmid's response, the bank clarified that it was the successor in interest of the original lender, answered questions raised regarding its supporting affidavit, and challenged Schmid's assertion that it should have sold the collateral to pay the note. Specifically, the bank noted that Schmid's affidavit provided no authority for his contention that the stock sale would have retired his debt and cited *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984) for the proposition that the conclusory affidavit was not competent summary judgment evidence. The bank reiterated that it *could,* but was not *required* to foreclose on the stock before suing on the note, and also made clear that it had not disposed of the collateral before filing suit. Summary judgment was properly granted as to the bank's suit against Schmid on the note.

■ In its Motion for Summary Judgment as to Schmid's counterclaim, the bank claimed that Schmid pledged the stock to secure the debt, voluntarily tendered the stock to the bank, the bank perfected its security interest by taking possession of the stock, and the bank did not foreclose on the stock. It is undisputed that the bank is in possession of, and has not disposed of, the stock shares. In fact, the bank consensually took possession of the collateral when the loan was made so that it could perfect its security interest. Pledged stock continuously in the possession of the lender has not been "disposed of." *Floyd,* 854 F.Supp. at 452. Schmid failed to cite authority for his

contention that the bank's continued possession of the stock constitutes conversion. Summary judgment was properly granted as to Schmid's counterclaim against the bank.

Points of error one and two are overruled. The judgment of the trial court is affirmed.